SUGAR, SCHWARTZ, SILVER, SCHWARTZ &
TYLER v. THOMAS

1. COURTS—CHANGE OF VENUE—JURISDICTION—PENDING MATTERS.
   A court no longer has jurisdiction over any matters in a case
   once it has granted a change of venue for that case; the
   transferee court has full jurisdiction over all matters in
   the case (MCLA § 600.1651).

2. COURTS—CHANGE OF VENUE—JURISDICTION—PENDING MATTERS.
   The court in which an action had been filed did not have ju-
   risdiction to quash writs of garnishment once it had entered
   an order changing venue (MCLA § 600.1651).

Appeal from Wayne, Neal Fitzgerald, J. Sub-
mitted Division 1 April 16, 1970, at Detroit.
(Docket No. 8,296.) Decided June 26, 1970.

Complaint by Sugar, Schwartz, Silver, Schwartz
& Tyler against Donald D. Thomas for the value
of services rendered. Writs of garnishment quashed
and dismissed. Plaintiff appeals. Remanded.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for
plaintiff.

*Harvey, Kruse & Westen,* for defendant.

Before: T. M. BURNS, P. J., and LEVIN and DAVID-
SON,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 56 Am Jur, Venue § 78.

DAVIDSON, J. Plaintiff is a Detroit law firm who represented the defendant in a stock fraud case in Federal court. Apparently plaintiff spent much time in preparation for trial and in the defense of defendant. The stock fraud case itself involved the sale of stock by defendant in a corporation in which defendant was the major stockholder. Apparently this lawsuit had possible legal damages in excess of one million dollars.

Plaintiff successfully defended the defendant. They then submitted a bill to defendant in an amount slightly exceeding $100,000. Of this amount $65,000 was for specific work and research. $35,000 was categorized under "results obtained, miscellaneous correspondence, telephone calls, interviews, conferences, pleadings, etc. not specifically recorded above."

Defendant thought that the legal fees involved were excessive. His refusal to pay these fees resulted in this lawsuit.

Suit was instituted in the Wayne County Circuit Court. Plaintiff filed affidavits in support of writs of garnishment. Numerous writs were issued. Additionally, defendant was served a restraining order preventing him from disposing of any of his property. Ultimately defendant moved for a change of venue and to quash and dismiss the writs of garnishment. Defendant moved to quash and dismiss the writs of garnishment for two reasons. First, the writs were excessively harsh in light of defendant's apparent wealth and ability to post bond. Second, plaintiff's complaint, since it plead a theory of *quantum meruit* and sought damages of $150,000 did not establish by reference to a contract a standard for establishing the damages as was required by statute.

Judge Fitzgerald ultimately granted defendant's motion for change of venue from Wayne County to Lenawee County. Shortly thereafter he also granted defendant's motion to quash and dismiss the writs of garnishment. From this action plaintiff appeals.

The appellant raises two issues on this appeal, which are as follows:

1. Whether plaintiff's complaint alleged contractual damages which are ascertainable by established rules of law.

2. Whether the trial court had jurisdiction to quash writs of garnishment after it had entered an order changing the venue.

In view of our decision on the second issue we feel that the first issue is not properly before this court and is a question to be decided by the trial judge.

It is plaintiff's position that upon the entry of an order changing the venue, jurisdiction is vested in the court in which venue has been designated. The court entering the order is divested of further jurisdiction. MCLA § 600.1651 (Stat Ann 1962 Rev § 27A.1651); *Hall* v. *Dickinson* (1919), 204 Mich 545, 554.

It is defendant's position that neither the statute nor the case cited by plaintiff stand for the proposition that the court in which the suit originated *loses* its jurisdiction over motions pending before it. Contrariwise, the statute provides that the provisions within the Revised Judicature Act are not jurisdictional. MCLA § 600.1601 (Stat Ann 1962 Rev § 27A.1601).

Furthermore, appellee argued that the motion to dissolve and quash the restraining order and the garnishment actions could not be argued along with the change of venue motions. The latter was to be

heard by Judge Fitzgerald whereas the former had to be heard by the judge issuing the restraining order, Judge Charles Kaufman.

Appellee further argues that to otherwise construe the statute would prevent parties from obtaining necessary relief during the interim from the date the order is entered in one court until the court file is physically transferred to the second court. This is not the intent of the court rule. GCR 1963, 13.

Once venue has been changed and a different circuit assumes jurisdiction, the court assuming jurisdiction is vested with all of the authority. This is evidenced by two factors. First, the statutes indicate that the transferee court shall have all jurisdiction as if the suit were commenced there.

"The court of the county to which the transfer is made shall thereupon have full jurisdiction of the action as though the action had been originally commenced therein." MCLA § 600.1651 (Stat Ann 1962 Rev § 27A.1651).

Secondly, the court rules indicate that upon timely motion the transferor court *must* divest itself of authority.

"Upon determination that venue is improperly laid, the court must order the change." 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Notes, p 274.

On the basis of the foregoing it is our holding that when the transferor court granted a change of venue, it thereupon lost jurisdiction over all matters undecided before it and the transferee court then became vested with jurisdiction and authority to act on all pending matters. The Wayne County Circuit Court had no jurisdiction to quash the writs of garnishment after it had entered an order chang-

ing venue. The determination of the question of the validity of the writs of garnishment, raised on a motion to quash, should be decided by the Lenawee County Circuit Court, the court to which venue was changed.

Remanded to the Lenawee County Circuit Court for further proceedings in accordance with the foregoing.

All concurred.