SABA v GRAY

Docket No. 50583. Submitted June 5, 1981, at Detroit.—Decided
    November 16, 1981.

    Emil Saba drowned in a quarry in Monroe County. The quarry
    was owned by Emma Alban and was being purchased by John
    P. Gray, *doing business as Gray Realty Company*. Saliba Saba,
    individually and as administratrix of the estate of Emil Saba,
    deceased, and Widad Saba brought a wrongful death action
    against Alban and Gray in Wayne Circuit Court. Neither
    defendant resided or had a place of business in Wayne County,
    but plaintiffs alleged in their complaint that defendant Gray
    was doing business in Wayne County. Defendants moved for a
    change of venue. The motion was granted, James A. Hathaway,
    J. Plaintiffs filed written objections to the proposed order
    submitted by Gray but the court clerk failed to notify plaintiffs
    that they must notice the order for a settlement hearing with
    the trial judge. As a result, no hearing to consider the objec-
    tions and settle the order was conducted and the order was
    executed and entered. Plaintiffs filed a motion for rehearing,
    arguing that the order had been improperly entered. The
    motion for rehearing was granted and the court held that
    venue was properly laid in Wayne County. Defendant Gray
    appeals. *Held:*

    1. The Wayne Circuit Court lost jurisdiction over further
    proceedings in this action when the judge executed the order
    granting the change of venue. The fact that the court clerk

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 616.
    77 Am Jur 2d, Venue § 42.
    Construction and application of federal statute (28 USC § 1406)
    providing for dismissal or transfer of cases for improper venue. 3
    ALR Fed 476.
[2] 20 Am Jur 2d, Courts § 105.
[3, 5] 20 Am Jur 2d, Courts § 149.
    77 Am Jur 2d, Venue § 90.
[4] 20 Am Jur 2d, Courts § 85.
    77 Am Jur 2d, Venue § 42.
[6] 77 Am Jur 2d, Venue § 31.

failed to comply with the court rule regarding written objections to the entry of a proposed judgment or order does not invalidate the order as long as it comports with the judge's decision.

2. There was no clerical error in the order itself which would authorize the court's subsequent decision to reverse itself.

3. The term "conducts business" in the venue statute should be interpreted to exclude acts which are merely incidental to the business in which a company is ordinarily engaged. Based upon defendant Gray's lack of any real presence in Wayne County, it cannot be said that he is conducting business therein.

Reversed and remanded for proceedings consistent with this opinion.

1. VENUE — APPEAL — PRESERVING QUESTION.

The failure to timely raise a claim of improper venue in the lower court precludes consideration of the claim on appeal.

2. COURTS — JURISDICTION.

The issue of a court's jurisdiction over the subject matter of the litigation can be reached at any time.

3. COURTS — VENUE — CHANGE OF VENUE — JURISDICTION — STATUTES.

A court no longer has jurisdiction over any matters in a case once it has granted a change of venue for that case; the transferee court has full jurisdiction over all matters in the case (MCL 600.1651; MSA 27A.1651).

4. MOTIONS AND ORDERS — WRITTEN OBJECTIONS — COURT RULES.

A court's order granting a change of venue was valid despite the failure of the court clerk to notify an opposing party who filed written objections to the order that he must notice the order for a settlement hearing before the trial judge in compliance with the court rules; the failure to literally adhere to the court rule did not automatically invalidate the order where the order comported with the judge's decision to grant the change of venue (GCR 1963, 522.1[2]).

5. VENUE — CHANGE OF VENUE — JURISDICTION — COURT RULES.

A transferor court may enter an order granting a change of venue effective a reasonable number of days from the date the order is entered; during the interim period, the transferor court continues to have jurisdiction over the case and, if a motion for

rehearing is made within this period, the trial court is empowered to reverse its earlier decision (GCR 1963, 408).

6. VENUE — "CONDUCTS BUSINESS" — STATUTES.

The term "conducts business" as used in the venue statute does not encompass acts which are merely incidental to the business in which a company is ordinarily engaged (MCL 600.1621[a]; MSA 27A.1621[a]).

*Metry, Metry & Sanom,* for plaintiffs.

*Ready, Sullivan & Ready,* for defendant.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

BRONSON, P.J. Defendant appeals by leave granted from an order of the Wayne County Circuit Court dated February 21, 1980, granting plaintiffs' motion for rehearing on defendant Gray's motion for a change of venue and denying the motion for a change of venue.

On September 26, 1979, plaintiffs filed a wrongful death action in the Wayne County Circuit Court. Saliba Saba's decedent drowned in a quarry being purchased by Gray (hereinafter defendant) from Emma Alban. The quarry was located in Monroe County. Plaintiffs averred in their complaint that defendant "was and is doing business in the County of Wayne".

On November 14, 1979, defendant filed a motion for a change of venue, contending that he did not conduct business in Wayne County within the meaning of MCL 600.1621; MSA 27A.1621. After a hearing, at which plaintiffs' attorneys did not appear, the circuit court granted the change of venue. Thereafter, defendant submitted a proposed order pursuant to GCR 1963, 522.1. Plaintiffs filed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

written objections to the proffered order in accordance with GCR 1963, 522.1(2). Nonetheless, the order was executed and entered on December 19, 1979.

On January 4, 1980, plaintiffs' motion for rehearing was considered. Plaintiffs argued that the order had been improperly entered because objections to the proposed order had been filed and no hearing to consider these objections and to settle the order had been conducted. The trial court reserved a ruling at this time and suggested to plaintiffs that they depose defendant within two weeks to discover if he was doing business in Wayne County. The court also stated that at least for the present, "the file will remain in Wayne County".

On February 1, 1980, the trial court determined that it would grant plaintiffs' motion for rehearing. The court indicated that in its opinion venue was properly laid in Wayne County.

Defendant first asserts that once the circuit court issued its order granting his motion for change of venue, it lost jurisdiction over the case. Thus, the subsequent order granting a rehearing and denying the change of venue was of no effect. Plaintiffs note that this claim was never raised in the trial court and assert that this Court is consequently barred from considering it.

The failure to timely raise a claim of improper venue in the lower court precludes consideration of the claim on appeal. GCR 1963, 409, *Board of County Road Comm'rs of Berrien County v Marineland Development Co,* 17 Mich App 503; 169 NW2d 682 (1969). In this case, however, the issue raised by plaintiff implicates more than a mere matter of venue. If the Wayne County Circuit Court had no authority to take further action in

this case after the order changing venue was
entered, the jurisdiction of that court was non-
existent. See MCL 600.1651; MSA 27A.1651, *Sugar,
Schwartz, Silver, Schwartz & Tyler v Thomas,* 25
Mich App 41; 181 NW2d 59 (1970). The issue of
the court's jurisdiction over the subject matter of
the litigation can be reached at any time. *Band-
field v Wood,* 104 Mich App 279, 281-282; 304
NW2d 551 (1981). This case does not involve the
normal challenge to a court's subject-matter juris-
diction, namely, a claim that the court assuming
jurisdiction has no legal authority to exercise judi-
cial power over that class of cases. For instance,
*Bandfield, supra* (Court of Claims or circuit court),
*Kita v Matuszak,* 21 Mich App 421; 175 NW2d 551
(1970), *lv den* 383 Mich 806 (1970) (Michigan cir-
cuit court or federal district court). Nonetheless,
the subject-matter jurisdiction of the circuit court
is under attack. Although the Wayne County Cir-
cuit Court has the authority to exercise power in
wrongful death actions, it does not have the power
to exercise authority over a wrongful death action
pending in another county. Analyzed in the tradi-
tional terms of power to act in a class of cases, one
circuit court has no power to exercise authority
over cases pending in another circuit court. Thus,
the Wayne County Circuit Court does not have
subject-matter jurisdiction over that class of cases
pending in other circuit courts in the state.

Defendant's argument that the Wayne County
Circuit Court lacked jurisdiction over this case
after it entered the order changing venue rests on
the following excerpt from *Sugar, supra,* 44:

"Once venue has been changed and a different circuit
assumes jurisdiction, the court assuming jurisdiction is
vested with all of the authority. This is evidenced by
two factors. First, the statutes indicate that the trans-

feree court shall have all jurisdiction as if the suit were commenced there.

" 'The court of the county to which the transfer is made shall thereupon have full jurisdiction of the action as though the action had been originally commenced therein.' MCL 600.1651; MSA 27A.1651).

"Secondly, the court rules indicate that upon timely motion the transferor court *must* divest itself of authority.

" 'Upon determination that venue is improperly laid, the court must order the change.' 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Committee Notes, p 274.

"On the basis of the foregoing it is our holding that when the transferor court granted a change of venue, it thereupon lost jurisdiction over all matters undecided before it and the transferee court then became vested with jurisdiction and authority to act on all pending matters."

Plaintiffs argue that the excerpt from *Sugar* does not apply to this case. They argue that the order changing venue was executed and entered in violation of GCR 1963, 522.1(2) and was thus void *ab initio.* GCR 1963, 522.1(2) provides:

"If the judgment or order has not been signed under the preceding provisions hereof, within five days after the granting of the judgment or order, any party may serve a copy of a proposed judgment or order upon the other parties or their attorneys together with a notice to them that the proposed judgment or order will be submitted to the judge for signing if no written objections thereto are filed with the clerk of the court within five days and file the original thereof together with a proof of service of same upon the other parties with said clerk. If no written objections are filed within five days, the clerk shall submit the proposed judgment or order to the judge who shall then sign the same if, in his determination, it comports with his decision. If the proposed judgment or order does not comport with the

decision of the judge, the parties shall thereupon be notified by the clerk, under the direction of the judge, to appear before the judge at a date certain for settlement thereof. *If written objections are filed, the clerk shall thereupon notify the party, who filed the proposed judgment or order with the clerk, who shall thereupon notice the judgment or order for settlement before the judge within five days after receiving such notice from the clerk.*" (Emphasis supplied.)

In this case, plaintiffs did file written objections to the entry of the proposed order changing venue. However, the clerk apparently did not notify defendant to notice the order for settlement. As GCR 1963, 522.1(2) is written, its literal command was violated by the failure to hold a settlement hearing before the trial judge. At the same time, we note that the apparent intention behind the rule was not implicated by the clerk's failure to properly follow it. The purpose of GCR 1963, 522.1(2) is to ensure that only orders comporting with the judge's decision are entered. Plaintiffs do not now contend, nor did they argue below, that the order granting the change of venue did not comport with the judge's decision. Instead, they contend that the decision was incorrect. In our opinion, GCR 1963, 522.1(2) should not be looked upon as a rule providing for a rehearing of the substantive merits of the underlying issue.[1] We believe that the reference to "written objections" in the last sentence of GCR 1963, 522.1(2) is correctly construed as mean-

[1] If plaintiffs' view of the rule prevailed, we could expect claims that a judgment was void because the losing party filed objections to the entry of the decree merely asserting that the court's decision was wrong. GCR 1963, 522.1(2), if taken literally, would require a settlement hearing under these circumstances. Moreover, the burden would actually be placed on the winning party to do the work necessary to have a hearing. A literal construction of the rule, then, would give the losing party an opportunity for rehearing and force the burden of arranging for the rehearing on the winning party.

ing written objections stating that the order does not comport with the court's decision.

Assuming, *arguendo,* that the clerk is required to literally adhere to GCR 1963, 522.1(2), without regard to the nature of the written objections, the order granting a change of venue entered in this cause was still valid. GCR 1963, 522.1 does not state that the clerk's failure to comply with the edicts of the rule invalidates any order or judgment entered in violation thereof. The Michigan Supreme Court had occasion to consider a similar problem in *Brashers v Jefferson,* 402 Mich 399, 400-402; 263 NW2d 243 (1978). In *Brashers,* GCR 1963, 102, prior to its amendment in April, 1979, was under consideration. This rule provided that an original summons shall expire 180 days after the complaint is filed. GCR 1963, 102.5 stated that the clerk of the court shall "automatically" enter an order of dismissal after the expiration of the 180-day period. Despite this language, the Court in *Brashers* held that unless the clerk actually took the mandated action of entering an order of dismissal, the summons was still in full force and effect. Analogizing from the *Brashers* decision, we believe that where the clerk does not take the mandated action under GCR 1963, 522.1, and the trial court signs the proposed decree, that order or judgment is entirely valid.

Plaintiffs also argue that, to the extent the order changing venue can be deemed valid, GCR 1963, 528.1, allowing for the correction of clerical mistakes in a judgment or order, authorizes the court's subsequent decision to reverse itself. We disagree. There was no clerical error in the order, rather, the court simply changed its mind concerning how the venue issue should be resolved.

In our opinion, the Wayne County Circuit Court

lost jurisdiction over further proceedings in this action when the judge executed the order granting the change of venue. The fact that the file had not actually been shipped to Monroe County is immaterial. Following the entry of the order, defendant would have been within his rights to file motions or further documents in Monroe County.[2] This does not mean that a party can never obtain a rehearing of a court's decision to grant a change of venue. The transferor court may enter an order granting the change of venue effective a reasonable number of days (such as 20) from the date the order is entered. See GCR 1963, 408. During this interim period, the transferor court would continue to have jurisdiction over the case and, if a motion for rehearing was made within this period, the trial court would be empowered to reverse its earlier decision.

Defendant also maintains that the Wayne County Circuit Court erred in concluding that he conducted business in Wayne County. MCL 600.1621(a); MSA 27A.1621(a) provides:

"The county in which a defendant resides, or has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action."

We have been unable to uncover any cases specifically construing what is meant by conducting business within the meaning of MCL 600.1621(a); MSA 27A.1621(a). However, this provision was rewritten and basically replaced MCL

---

[2] Defendant may have had some difficulty getting the Monroe County Circuit Court clerk to accept any documents. However, by right, if defendant presented a certified copy of the order changing venue, the clerk could not properly refuse the documents.

600.1625; MSA 27A.1625, in 1976.[3] Formerly, MCL 600.1625(b); MSA 27A.1625(b) provided:

"[B]oth domestic and foreign corporations are established in any county in which the corporation (i) has its principal place of business, (ii) has its registered office, (iii) has a place of business if a plaintiff is established therein, or (iv) is doing business if a plaintiff is established therein."

In *Frees v Southern Michigan Cold Storage Co,* 43 Mich App 756; 204 NW2d 782 (1972), this Court held that the term "doing business" excluded acts which are merely incidental to the business in which the company is ordinarily engaged. In *Frees,* the Court determined that a warehouser of fruits and vegetables in Oceana County was not doing business in Muskegon County by purchasing parts used to maintain its refrigeration equipment in Muskegon County.

We believe that the term "conducts business" in MCL 600.1621(a); MSA 27A.1621(a) should be interpreted in accordance with the term "doing business" as formerly used in MCL 600.1625; MSA 27A.1625. In the instant case, defendant testified that he was the owner of Perry Gray and Associates, located in Monroe County. Perry Gray and Associates has been granted the right to use the name Earl Keim Realty and has been assigned an area in which to do business pursuant to an agreement with Earl Keim, Incorporated. This area is located entirely in Monroe County. In return for the use of the Earl Keim name and certain other services, defendant pays 5% of the gross residen-

[3] MCL 600.1625; MSA 27A.1625 was repealed contemporaneously with the revision of MCL 600.1621(a); MSA 27A.1621(a). Both changes were embodied in the venue statute by 1976 PA 375, effective January 1, 1977.

tial sales from his realty business to Earl Keim, Incorporated.

Gray further stated that he advertised in the Monroe Evening News and the Toledo Blade. Both newspapers have some circulation in Wayne County.

Gray also indicated that there is an understanding among realtors using the Keim name that if one of them is approached by a particular buyer or seller located outside of his assigned area, such person is to be referred to the Keim realtor in the local area in which the property is situated. If such a referral results in a commission, the referring broker receives some portion thereof. However, Gray stated that he has received only one referral from a Wayne County broker. Furthermore, he indicated that he has never sold a property located outside of Monroe County.

Based on the foregoing, we do not believe defendant can be properly characterized as conducting business in Wayne County. Defendant has restricted his real estate agency activities to properties located in Monroe County. The fact that two newspapers in which defendant advertises have some circulation inside Wayne County does not mean he is conducting business in that county. Almost any newspaper useful as an advertising medium within the county in which the business is actually conducted will have some incidental circulation outside the county. Defendant has received one referral from an Earl Keim agent in Wayne County and may receive others in the future. However, this is due to the fact that Keim agents restrict their realty activities to particular locales. The referral in question was of a person interested in Monroe County realty, the location in which defendant conducts his business. If the Earl Keim

referral system was deemed sufficient to find defendant doing business in Wayne County, any county in which an Earl Keim office existed could also be a place of proper venue.[4] Such a holding would defeat the purpose behind the venue statute, *viz.*, that an action should be instituted in a county in which the defendant has some real presence such as might be shown by systematic or continuous business dealings inside the county.

Reversed and remanded for proceedings consistent with this opinion. Defendant-appellant may tax costs.

---

[4] The result would be different if the suit was against Earl Keim, Incorporated, as opposed to an independent agent using the Keim name. Keim's contract with each of the individual realtors would place it within the scope of the "conducts business" language of MCL 600.1621(a); MSA 27A.1621(a).