CHIARINI v JOHN DEERE COMPANY

Docket No. 113569. Submitted March 22, 1990, at Detroit. Decided May 15, 1990.

Dario and Bernice Chiarini, seeking damages for injuries allegedly caused in Macomb County by a snowblower distributed by John Deere Company, a foreign company with a registered agent in Ingham County, brought an action against John Deere in Wayne Circuit Court. The court, Kaye Tertzag, J., denied a motion by defendant for a change of venue. Defendant appealed by leave granted.

The Court of Appeals *held*:

Venue for this action is not properly established in Wayne County pursuant to MCL 600.1621(a); MSA 27A.1621(a), which provides that the county in which a defendant resides, or has a place of business, or conducts business, or in which the registered office of a defendant corporation is located is a proper county in which to commence and try an action. Defendant cannot be said to be conducting business in Wayne County when neither defendant nor its parent corporation, Deere & Company, has any plant facilities, warehouses, distribution centers, manufacturing facilities, officers, agents, servants or employees that are established or domiciled in Wayne County, and defendant's contacts with Wayne County entail occasional visits to independent dealers in Wayne County who take title to Deere products at their plants of manufacture, are free to sell the products of other manufacturers, and receive assistance from defendant for advertising and insurance expenses.

Reversed and remanded.

VENUE — CORPORATIONS — CONDUCTING BUSINESS.

A corporation engaged in business as a product distributor does not "conduct business" for purposes of the venue statute in a county in which its contacts are limited to periodic visits to independent dealers in the county who take title to the prod-

REFERENCES

Am Jur 2d, Corporations §§ 2182, 2184.

See the Index to Annotations under Corporations; Doing Business; Foreign Corporations.

ucts at their plants of manufacture, are free to sell the products of other manufacturers, and receive assistance from the distributor for advertising and insurance expenses (MCL 600.1621[a]; MSA 27A.1621[a]).

*Scott M. McDonald,* for plaintiffs.

*Howard & Howard* (by *James E. Lozier* and *Mark H. Canady*), for defendant.

Before: HOLBROOK, JR., P.J., and MURPHY and JANSEN, JJ.

PER CURIAM. Defendant appeals by leave granted from an order denying its motion for a change of venue. We find that the trial court clearly erred in finding that defendant had sufficient contact with Wayne County for it to be deemed as "conducting business" in Wayne County for purposes of establishing venue under MCL 600.1621(a); MSA 27A.1621(a). We reverse and remand for a change of venue to either Macomb County, where the cause of action arose, MCL 600.1627; MSA 27A.1627, or Ingham County, where defendant's registered agent is located, MCL 600.1621(a); MSA 27A.1621(a).

The present suit arises from injuries sustained in Macomb County from a snowblower manufactured by Deere & Company, a Delaware corporation. John Deere Company, a subsidiary of Deere & Company, was the distributor of the snowblower, which was manufactured in Wisconsin. Neither Deere & Company nor John Deere Company has any plant facilities, warehouses, distribution centers, manufacturing facilities, officers, agents, servants or employees that are established or domiciled in Wayne County. Equipment distributed by John Deere Company is purchased by independent dealers F.O.B. at the plant of manu-

facture, and title passes to the dealer at that location. Several independent dealers within Wayne County sell John Deere equipment. John Deere Company contributes fifty percent of the advertising expenses and provides insurance to independent dealerships. Territorial managers from John Deere Company also make periodic visits to independent dealers in Wayne County to make inventory checks.

This Court will review a lower court's decision on a motion for a change of venue to determine whether the trial court clearly erred in ruling that venue was properly or improperly laid. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 698-699; 311 NW2d 722 (1981). MCL 600.1621; MSA 27A.1621 provides that venue shall be in the county in which a defendant resides or has a place of business, or conducts business, or in which the registered office of a defendant corporation is located. The phrase "conducts business" should be interpreted in accordance with the phrase "doing business" as formerly used in MCL 600.1625; MSA 27A.1625. *Saba v Gray,* 111 Mich App 304, 313; 314 NW2d 597 (1981). In *Saba,* this Court held that the defendant could not be properly characterized as conducting business in Wayne County where the only links to Wayne County were incidental newspaper advertisements and the receipt of one referral from Wayne County. The *Saba* Court opined that the purpose behind the venue statute is that an action should be instituted in a county in which defendant has some "real presence," as might be shown by systematic or continuous dealings inside the county. *Id.* at 315. Conducting business does not include the performance of acts merely incidental to the business in which the defendant is ordinarily engaged. *Id.* at 314. This Court in *Grier v Bauman,* 165 Mich App 684,

688; 419 NW2d 53 (1988), held that an action against a defendant college which sent representatives into Genesee County for recruitment, alumni and fund-raising activities did not have proper venue in Genesee County since those activities were only incidental to its real business.

In interpreting the Illinois venue statute, the Supreme Court of Illinois addressed a case factually similar to the one before us now. In *Stambaugh v International Harvester Co,* 102 Ill 2d 250; 80 Ill Dec 28; 464 NE2d 1011 (1984), the Supreme Court of Illinois interpreted the language "doing business" and determined that a defendant must be conducting its usual and customary business within the county in which venue is sought. The activity must be of such a nature as to localize the business and make it an operation within the county. In *Stambaugh,* the Illinois court found that, where defendant had independent dealerships within a county who were free to sell the products of other manufacturers, venue in that county was not appropriate. As in the present case, defendant in *Stambaugh* paid one-half of the costs of any advertising by the independent dealers and would visit the dealerships periodically. Also, sales by defendant were conducted on an F.O.B. basis and completed at its plants outside of the county where venue was sought.

We choose to follow the lead established by the Illinois Supreme Court and find that the present connections between defendant and Wayne County are insufficient to establish venue. We find that defendant does not conduct its "usual and customary business" within Wayne County and its contacts with Wayne County are incidental to its real business. Defendant's contribution to insurance and advertising, and the periodic inventory visits to independent dealers within Wayne County, are

insufficient to establish venue in Wayne County. We cite with approval the opinion expressed by the Illinois Supreme Court:

> The legislature clearly meant to protect a defendant against being sued in a county arbitrarily selected by a plaintiff, wherein the defendant does not reside, or in which no part of the transaction occurred which gave rise to the cause of action. If a plaintiff could so select the county to bring his suit, obviously a defendant would be entirely at his mercy, since such an action could be made oppressive and unbearably costly. [*Stambaugh, supra* at 260-261, citing *Heldt v Watts,* 329 Ill App 408, 414; 69 NE2d 97 (1946).]

On remand, the trial court should assign the case either to Macomb County, where the cause of action arose, MCL 600.1627; MSA 27A.1627, or Ingham County, where defendant's registered agent is located, MCL 600.1621(a); MSA 27A.1621(a).

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.