HACIENDA MEXICAN RESTAURANTS OF KALAMAZOO
CORPORATION v HACIENDA FRANCHISE GROUP, INC

Docket No. 137161. Submitted March 4, 1992, at Grand Rapids.
Decided July 7, 1992, at 9:25 A.M.

Hacienda Mexican Restaurants of Kalamazoo Corporation and
Albert Mickelson brought an action in the Kalamazoo Circuit
Court against Hacienda Franchise Group, Inc., and others,
alleging fraudulent inducement to enter into a franchise agree-
ment and violations of the Franchise Investment Law, MCL
445.1501 *et seq.*; MSA 19.854(1) *et seq.* The court, William G.
Schma, J., granted summary disposition for the defendants,
ruling that, under the doctrine of forum non conveniens, the
proper forum for the action was an Indiana court. The plain-
tiffs appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in invoking
forum non conveniens. The franchise agreement was negotiated
in, executed in, and made subject to Indiana law by Indiana
corporations and individuals who were residents of Indiana.
Additionally, the dispute between the plaintiffs and the defen-
dants was already in litigation in an Indiana court.

2. The trial court correctly determined that the Franchise
Investment Law, which applies to all arrangements between a
franchisor and a franchisee in connection with the offer or sale
of a franchise in Michigan, did not apply to the franchise
agreement in this case because the offer, sale, and acceptance
of the agreement occurred in Indiana.

Affirmed.

CONFLICT OF LAWS — JURISDICTION — FORUM NON CONVENIENS.

A Michigan court does not abuse its discretion under the doctrine
of forum non conveniens in declining jurisdiction of an action
by a franchisee against a franchisor concerning a franchise in
Michigan where the franchisee and the franchisor are residents
of another state and the franchise agreement was negotiated

REFERENCES
Am Jur 2d, Courts §§ 172-178.
See the Index to Annotations under Forum Non Conveniens.

in, executed in, and made subject to the laws of that other state.

*Deming, Hughey, Lewis, Allen & Chapman, P.C.* (by *Ross E. Chapman* and *Richard J. Bosch*), for the plaintiffs.

*Hammerschmidt, Bonewitz, Amaral & Jonas* (by *Susan A. Horn* and *Joseph L. Amaral*), for the defendants.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

PER CURIAM. Plaintiffs appeal as of right the trial court's January 7, 1991, award to the defendants of summary disposition based on the doctrine of forum non conveniens. We find no error and affirm.

All individual parties to this action are Indiana residents. The corporate parties are Indiana corporations having their principal offices in Indiana and are authorized to do business in Michigan. Plaintiff Hacienda Mexican Restaurants of Kalamazoo Corporation, as franchisee, and defendant Hacienda Franchise Group, Inc., as franchisor, negotiated and entered into an agreement in Indiana, authorizing plaintiffs to operate a franchise restaurant in Portage, Michigan. When plaintiff subsequently failed to make timely royalty payments, defendant exercised its contractual right to terminate the franchise agreement, sued plaintiffs in Indiana, and on or about April 24, 1990, obtained a preliminary injunction prohibiting plaintiffs from continuing their Portage, Michigan, franchise.

Plaintiffs on June 5, 1990, commenced the pres-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

ent action in the Kalamazoo Circuit Court, alleging in count I of their complaint that they had been fraudulently induced to enter into the franchise agreement, and claiming in count II that defendants had violated the Franchise Investment Law (FIL), MCL 445.1501 *et seq.*; MSA 19.854(1) *et seq.* Plaintiffs' first amended complaint, filed on September 26, 1990, added to the monetary damages prayed for in the original complaint a request for rescission of the franchise agreement.

On July 17, 1990, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(1), (6), and (7), claiming lack of personal jurisdiction. Their amended motion for summary disposition, filed on October 23, 1990, additionally claimed that pursuant to MCR 2.116(C)(7) the trial court should decline jurisdiction on the basis of the doctrine of forum non conveniens. After a hearing on the motion, the court ruled that it had jurisdiction, but declined to exercise it on the basis of forum non conveniens. Plaintiffs now appeal the award of summary disposition for defendants.

We need not decide whether MCR 2.116(C) is an improper vehicle for raising a claim of forum non conveniens, as plaintiffs initially maintain: Plaintiffs have failed to show any prejudice resulting from defendants' use of a motion for summary disposition to present their forum non conveniens argument to the court. Plaintiffs were afforded an adequate opportunity to be heard regarding the matter and utilized it fully. Furthermore, we note that subrule 2.116(C) has previously served the very purpose that plaintiffs now question. *Holme v Jason's Lounge,* 168 Mich App 132; 423 NW2d 585 (1988).

We find no merit to plaintiffs' contention that the trial court abused its discretion in invoking the doctrine of forum non conveniens under these

facts. In *Cray v General Motors Corp,* 389 Mich 382, 395; 207 NW2d 393 (1973), the Court stated:

> The principle of *forum non conveniens* establishes the right of a court to resist imposition upon its jurisdiction although such jurisdiction could properly be invoked. It presupposes that there are at least two possible choices of forum.

The Court in *Cray* enunciated the factors that the trial court should consider in rejecting or accepting jurisdiction:

> 1. The private interest of the litigant.
> a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;
> b. Ease of access to sources of proof;
> c. Distance from the situs of the accident or incident which gave rise to the litigation;
> d. Enforcibility [sic] of any judgment obtained;
> e. Possible harassment of either party;
> f. Other practical problems which contribute to the ease, expense and expedition of the trial;
> g. Possibility of viewing the premises.
> 2. Matters of public interest.
> a. Administrative difficulties which may arise in an area which may not be present in the area of origin;
> b. Consideration of the state law which must govern the case;
> c. People who are concerned by the proceeding.
> 3. Reasonable promptness in raising the plea of *forum non conveniens.* [*Id.* at 396.]

The trial court's decision whether to decline jurisdiction is a matter of discretion that "will not be overturned on appeal absent an abuse of discretion." *Holme v Jason's Lounge, supra* at 135.

Our review of the trial court's findings discloses

no abuse of discretion. Pursuant to *Cray* factor 1a, the court noted that although there would be some witnesses in Michigan, they were not critical to the action and all the significant witnesses were in Indiana. The court concluded that the significant documents and people were all in Indiana (factor 1b) and observed that the situs giving rise to the litigation (factor 1c) was a considerable distance from Kalamazoo. It was concerned about the enforceability of a Michigan judgment in Indiana (factor 1d) if it was incompatible with the result of the pending Indiana case in which plaintiffs had already counterclaimed for relief. The court also recognized the possibility of harassment (factor 1e) if defendants were forced to litigate in Michigan after having already done so in Indiana; noted that because of the parties' contractual choice of law provision, Indiana law would apply to a Michigan trial of plaintiffs' fraud claim (factor 2b); found that the people affected by the proceeding were in Indiana (factor 2c); and held that defendants had raised the forum non conveniens issue promptly (factor 3).

We reject plaintiffs' contention that the FIL applies to the present facts. MCL 445.1504(1); MSA 19.854(4)(1) provides in pertinent part that "[t]his act applies to all written or oral arrangements between a franchisor and franchisee in connection with the offer or sale of a franchise." MCL 445.1504(2) and (3); MSA 19.854(4)(2) and (3) define when an offer, sale, or acceptance is made in this state:

> (2) An offer or sale of a franchise is made in this state when an offer to sell is made in this state, or an offer to buy is accepted in this state, or, if the franchisee is domiciled in this state, the franchised business is or will be operated in this state.

(3) An offer to sell is made in this state when the offer either originates from this state or is directed by the offeror to this state and received at the place to which it is directed. An offer to sell is accepted in this state when acceptance is communicated to the offeror in this state. An acceptance is communicated to the offeror in this state when the offeree directs it to the offeror in this state reasonably believing the offeror to be in this state and it is received at the place to which it is directed.

In this case, both the franchisor and the franchisee are Indiana corporations with their principal places of business in Indiana. The franchise agreement was negotiated and executed in Indiana. There was therefore no offer, sale, or acceptance made "in this state," and the FIL does not apply.

We note with interest the Michigan Attorney General's belief that the FIL is inapplicable to the facts of this case. In a document entitled "Assurance of Discontinuance," summarizing the results of his investigation of defendant's activities in Michigan, the Attorney General recognized "that the MFIL does not apply to a nonresident franchisee such as the one sold to an Indiana Corporation to be operated in Kalamazoo County, Michigan."

Plaintiffs' reliance upon *In re Dynamic Enterprises, Inc,* 32 Bankr 509 (MD Tenn, 1983), is misplaced because that case is factually distinguishable. Unlike the case at bar, the defendants in *Dynamic,* including the franchisee, were Michigan residents. *Id.* at 514. Because the franchise was operated in Michigan, the Michigan residence of the franchisee would trigger application of the FIL pursuant to MCL 445.1504(2); MSA 19.854(4)(2).

The court also observed that "it is apparent that the parties intended that Michigan law be applied

in enforcing and interpreting the contract." *Dynamic, supra* at 514, n 2. By contrast, the franchise agreement in the present case contains a provision that the agreement "is to be construed according to the laws of the State of Indiana."

The trial court did not abuse its discretion in declining jurisdiction on the ground that the balancing of interests favors an Indiana forum.

Affirmed.