MILLER v ALLIED SIGNAL, INC

Docket No. 203395. Submitted April 6, 1999, at Detroit. Decided June 4, 1999, at 9:00 A.M. Leave to appeal sought.

Creighton E. Miller, as administrator of the estate of Elias Watson, deceased, brought a wrongful death action in the Wayne Circuit Court against Allied Signal, Inc., and others, alleging causes of action under general maritime and admiralty law. The plaintiff, an Ohio resident, alleged that the decedent, a California resident at the time of his death, died as a result of exposure to benzene manufactured by or found in products manufactured by the defendants. The court, Kaye Tertzag, J., dismissed the action on the basis of improper venue and, alternatively, forum non conveniens. The plaintiff appealed.

The Court of Appeals *held*:

1. The plaintiff's interest in the forum is basically nonexistent, with virtually no significant connection to Michigan, and only one of the numerous defendants has a principal place of business in the state. However, because the plaintiff filed the action in Michigan on the last day of the period of limitation, there was no other available forum for the plaintiff to refile his suit when the court was presented with and ruled with regard to the issue of forum non conveniens. Because the defendants refused to waive any statute of limitations defenses they would have if the suit was filed elsewhere and there was no other forum available, the court abused its discretion in dismissing the case on the basis of forum non conveniens.

2. There was sufficient information in the plaintiff's amended complaint to allow the trial court to transfer venue out of Wayne County once the court determined that Wayne County provided an improper venue. Pursuant to MCL 600.1621; MSA 27A.1621, Midland County is an appropriate venue for this action because defendant Dow Chemical, U.S.A., has its principal place of business there. Dismissal of the case on the basis of improper venue was not appropriate under the facts of this case. The available remedy when venue is improper is a transfer of venue to a proper county.

Reversed and remanded.

1. COURTS — JURISDICTION — FORUM NON CONVENIENS.

The doctrine of forum non conveniens allows a court to resist imposi-
tion upon its jurisdiction although such jurisdiction could properly
be invoked; the court must make two inquiries: whether the forum
is inconvenient and whether there is a more appropriate forum
available; if there is not a more appropriate forum elsewhere, the
inquiry ends and the court may not resist imposition of jurisdiction;
if there is a more appropriate forum, the court still may not decline
jurisdiction unless its own forum is seriously inconvenient; dismis-
sal on the ground of forum non conveniens is appropriate if the
defendant agrees to waive any applicable statute of limitations
defenses, thereby making an alternative forum available.

2. VENUE — IMPROPER VENUE.

The available remedy when venue is improper is a transfer of venue
to a proper county; if venue is improper and a defendant moves for
a change of venue, the court must transfer venue to a proper
county (MCL 600.1651; MSA 27A.1651).

3. VENUE — DETERMINATION OF VENUE.

Venue is appropriate in a county wherein a defendant has systematic
and continuous dealings, conducts its usual and customary busi-
ness, has a place of business, or has its registered office (MCL
600.1621; MSA 27A.1621).

*The Jaques Admiralty Law Firm, P.C.* (by *Leonard
C. Jaques, Michael J. Connor, Robert J. Allen,* and
*Donald A. Krispin*), for the plaintiff.

*Dykema Gossett, PLLC* (by *Joseph C. Basta, Kath-
leen McCree Lewis,* and *Jill M. Wheaton*), for Allied
Signal, Inc., Amerada Hess Corp., Amico Corp., Arco
Chemical Co., Atlantic Richfield Co., Inc., Chevron
Chemical Co., Chevron U.S.A., Inc., Citgo Petroleum
Corp., Dow Chemical, U.S.A., Drew Chemical Co.,
Exxon Chemical Americas, Exxon Co., U.S.A., Exxon
Corp., Fina Oil & Chemical Co., Hess Oil Virgin
Islands Corp., Marathon Oil Co., Mobil Oil Corp.,
Monsanto Company, Phillips Petroleum Co., Shell Oil
Co., Southwestern Refining Co., Inc., Sun Oil Co.,
Texaco, Inc., Union Carbide Corp., and Unocal.

*Butzel Long* (by *J. Michael Huget* and *John C. Blattner*) (*Akin, Gump, Strauss, Hauer & Feld, L.L.P.*, by *Joseph P. Esposito, P.C.*, and *Stefan A. Hagerup*, of Counsel), for Pennzoil Products Co.

*Dickinson Wright PLLC* (by *Robert S. Krause, Robert W. Powell,* and *Shari M. Borsini*), for E. I. DuPont De Nemours & Co.

Before: Hood, P.J., and Holbrook, Jr., and Whitbeck, JJ.

Per Curiam. The trial court dismissed plaintiff's claim against defendants on the basis of improper venue and, alternatively, forum non conveniens. Plaintiff appeals as of right, and we reverse and remand.

Plaintiff, an Ohio resident, as personal representative of the estate of Elias Watson, deceased, brought this wrongful death action against defendants in the Wayne Circuit Court, alleging causes of action under general maritime and admiralty law. The decedent, a California resident at the time of death, died from multiple myeloma. Plaintiff alleged numerous theories of liability against defendants, claiming that the decedent's exposure to benzene, manufactured by or found in products manufactured by defendants, caused the death. Defendants filed motions to dismiss on the bases of improper venue and forum non conveniens, claiming there were no allegations that the decedent was exposed to benzene in Michigan, sustained injury in Michigan, or had any connection to Michigan whatsoever.

Plaintiff first argues that the trial court abused its discretion in dismising his case on the ground of

forum non conveniens. We agree, but only because we are compelled to do so by existing precedent.

We review the trial court's decision to grant a motion to dismiss on the basis of forum non conveniens for an abuse of discretion. *Hacienda Mexican Restaurants of Kalamazoo Corp v Hacienda Franchise Group, Inc,* 195 Mich App 35, 38; 489 NW2d 108 (1992). An abuse of discretion is found only in extreme cases where the result is so palpably and grossly violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or the exercise of passion or bias. *Dacon v Transue,* 441 Mich 315, 329; 490 NW2d 369 (1992).

The doctrine of forum non conveniens allows a court to "resist imposition upon its jurisdiction although such jurisdiction could properly be invoked." *Cray v General Motors Corp,* 389 Mich 382, 395; 207 NW2d 393 (1973). The doctrine presupposes that there are at least two possible choices of forum. *Id.*

> "When a party requests that a court decline jurisdiction based on the doctrine of forum non conveniens, there are two inquiries for the court to make: whether the forum is inconvenient and whether there is a more appropriate forum available. If there is not a more appropriate forum elsewhere, the inquiry ends and the court may not resist imposition of jurisdiction. If there is a more appropriate forum, the court still may not decline jurisdiction unless its own forum is seriously inconvenient." [*Manfredi v Johnson Controls, Inc,* 194 Mich App 519, 527; 487 NW2d 475 (1992), quoting *Robey v Ford Motor Co,* 155 Mich App 643, 645; 400 NW2d 610 (1986).]

If a defendant agrees to waive any applicable statute of limitations defenses, thereby making an alternative

forum available, dismissal on the ground of forum non conveniens is appropriate. See *Anderson v Great Lakes Dredge & Dock Co*, 411 Mich 619, 632; 309 NW2d 539 (1981).

In this case, plaintiff's interest in the forum (or more precisely his interest worthy of recognition) is basically nonexistent. The decedent's widow, treating physicians, employers, and co-workers do not reside in Michigan. The plaintiff himself does not reside in Michigan, and the decedent's employment records and medical records are not in Michigan. Michigan law does not apply because it is an admiralty case, and there is no evidence that any of the incidents giving rise to the injury, or the injury itself, occurred in Michigan. In addition, there is no evidence that the decedent was ever treated for his injury in Michigan, or in fact, ever stepped foot in Michigan. And finally, only one of the numerous defendants has a principal place of business in Michigan.

In spite of the lack of interest in the forum, plaintiff filed suit in Michigan on the last day of the limitation period. Thus, when the court was presented with and ruled regarding the issue of forum non conveniens, there was no other available forum for plaintiff to refile his suit, and defendants refused to waive any statute of limitations defenses they would have if the suit was filed elsewhere. Because defendants failed to waive applicable statute of limitations defenses and because there was no other forum available, we are bound to hold that the court abused its discretion in dismissing the case on this ground.[1]

---

[1] We do *not* preclude the trial court on remand, in the exercise of its discretion, from *conditionally* granting dismissal on the basis of forum non conveniens with regard to any defendant who agrees to waive a stat-

We note, however, that were we not compelled to reach this result, we would not have done so on the facts of this case.[2] Plaintiff here, by his conduct in filing his case in an inappropriate forum on the last day of the period of limitation, effectively extinguished the existence of any other forum for his case. Thus, our result sanctions what could be blatant forum shopping. We admonish plaintiff for his conduct in filing his case in Michigan and for effectively precluding the availability of any other forum. We also encourage the Michigan Supreme Court to grant leave to appeal in this case to consider modifying the law to allow unconditional dismissal of a suit on the basis of forum non conveniens in circumstances involving the filing of a suit in Michigan with virtually no significant connection to Michigan and where a more appropriate forum was available when the suit was filed.

Plaintiff next argues that a complaint cannot be dismissed for improper venue. This presents a question of law, and we review questions of law de novo. *In re Hamlet (After Remand)*, 225 Mich App 505, 521; 571 NW2d 750 (1997). We find it unnecessary, however, to determine whether the dismissal of a case for improper venue is ever permissible because we determine that there was sufficient information in plaintiff's amended complaint to allow the trial court to properly transfer venue out of Wayne County.

We first note, however, that plaintiff's argument that dismissal is an inappropriate remedy necessarily

---

ute of limitations defense if plaintiff files a suit based on the basic claim in this case in an appropriate forum outside Michigan.

[2] Of course, that does *not* mean that we are issuing a "conflicting opinion" under MCR 7.215(H)   because we recognize that our result is required by controlling Michigan Supreme Court precedent.

presumes that Wayne County was an improper venue for this case. His argument focuses only on the remedy that the trial court utilized once it determined that venue was improper. In his statement of questions presented, plaintiff failed to raise the underlying issue whether the trial court wrongly decided that venue was improper, and he only briefly argues that venue was proper in Wayne County in his reply brief. In view of plaintiff's failure to properly raise the issue of the propriety of venue in Wayne County, review of that issue is inappropriate. *Hilliard v Schmidt*, 231 Mich App 316, 318; 586 NW2d 263 (1998). We therefore defer to the trial court's ruling that venue was improper in Wayne County, and we address whether dismissal of the case was appropriate on the facts. We hold that it was not.

The available remedy when venue is improper is a transfer of venue to a proper county. MCL 600.1651; MSA 27A.1651 provides:

> An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue within the time and in the manner provided by court rule, in which case the court *shall* transfer the action to a proper county on such conditions relative to expense and costs as provided . . . . [Emphasis added.]

The use of the word "shall" in the statute indicates that it is mandatory that the court transfer venue to a proper county if a defendant moves for a change of venue. *Burt Twp v Dep't of Natural Resources*, 227 Mich App 252, 258; 576 NW2d 170 (1997), citing *Hadfield v Oakland Co Drain Comm'r*, 218 Mich App 351, 357; 554 NW2d 43 (1996). See also MCR 2.223, which provides that, upon timely motion of a defendant, a

court shall order a change of venue if venue is improper.

Defendants contend ·that it is impossible to determine which Michigan county provides proper venue for this action, and therefore, dismissal is the only appropriate remedy. We disagree with defendants and find that plaintiff's amended complaint provided sufficient information to transfer venue out of Wayne County once the trial court determined that Wayne County provided an improper venue.

MCL 600.1629(1); MSA 27A.1629(1) provides:

> Subject to subsection (2), in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, all of the following apply:
>
> (a) The county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:
>
> (i) The defendant resides, has a place of business, or conducts business in that county.
>
> (ii) The corporate registered office of a defendant is located in that county.
>
> (b) If a county does not satisfy the criteria under subdivision (a), the county in which the original injury occurred and in which either of the following applies is a county in which to file and try the action:
>
> (i) The plaintiff resides, has a place of business, or conducts business in that county.
>
> (ii) The corporate registered office of a plaintiff is located in that county.
>
> (c) If a county does not satisfy the criteria under subdivison (a) or (b), a county in which both of the following apply is a county in which to file and try the action:
>
> (i) The plaintiff resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(ii) The defendant resides, has a place of business, or conducts business in that county, or has its corporate registered office located in that county.

(d) If a county does not satisfy the criteria under subdivision (a), (b), or (c), a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action.

Plaintiff's amended complaint identified that plaintiff was an Ohio resident and that the decedent's death took place in California. It also alleged that the decedent was exposed to benzene and benzene-containing products during his employment as a mariner aboard numerous vessels, the names of which were attached to the amended complaint, and that the exposure resulted in injury to the decedent. No geographical locations, general or specific, of the alleged exposures or injury are given in the complaint. However, on the basis of the briefs and the oral argument before the trial court, it was apparent that the alleged original injury did not occur in Michigan. Plaintiff alleged in his complaint that the injury-causing exposures took place while the decedent was on board various sailing vessels, and plaintiff admitted during argument that the injury did not occur in Michigan. Thus, the venue provisions of subsections 1629(1)(a) and (b) do not apply. Subsection 1629(1)(c) also does not apply because plaintiff is an Ohio resident. Thus, we look at subsection 1629(1)(d) to see where venue would be appropriate. That subsection refers to MCL 600.1621; MSA 27A.1621, which provides in relevant part:

Except for actions provided for in sections 1605, 1611, 1615, and 1629, venue is determined as follows:

(a) The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action.

Contrary to plaintiff's position, subsection 1621(a) does not provide that venue is appropriate wherever a defendant's products are merely sold. See *Chiarini v John Deere Co*, 184 Mich App 735; 458 NW2d 668 (1990). In *Chiarini*, the defendant's products were sold by independent dealerships in Wayne County. The defendant contributed advertising expenses and insurance to those dealerships. This Court held, when determining venue under subsection 1621(a), which is what plaintiff attempts to do here, that the "[d]efendant's contribution to insurance and advertising, and the periodic inventory visits to independent dealers within Wayne County, are insufficient to establish venue in Wayne County." *Chiarini, supra* at 738-739. Under § 1621, venue is appropriate where a defendant has systematic and continuous dealings inside the county or conducts its "usual and customary business" within the county, *Chiarini, supra* at 738, or where a defendant has a place of business or has its registered office.

In his amended complaint, plaintiff alleged that defendant Dow Chemical U.S.A., has its principal place of business in Midland, Michigan. Pursuant to § 1621, Midland County is an appropriate venue for this action. Because the amended complaint contains this allegation, we cannot conclude that plaintiff has completely failed to provide information to the trial court, which would have allowed for a transfer of venue from Wayne County after it was determined to be an improper venue.

We reluctantly reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.