HILLS AND DALES GENERAL HOSPITAL v PANTIG

Docket No. 298237. Submitted August 10, 2011, at Detroit. Decided
December 6, 2011, at 9:05 a.m.

Hills and Dales General Hospital filed an action in the Tuscola
Circuit Court against Liberata J. Pantig, M.D., Avelina M. Oxholm-
Dababneh, D.O., and Huron Memorial Hospital, doing business as
Huron Medical Center, claiming that all three defendants had
violated a covenant to not compete. In 2007, both doctors signed
employment contracts with Hills and Dales that contained a clause
in which they agreed that in the event of separation from employ-
ment, they would not practice medicine within a 35-mile radius of
Cass City, Michigan. Both doctors had thereafter begun working
for Huron Medical, which Hills and Dales claimed to be within the
prohibited 35-mile radius. Huron Medical and Oxholm-Dababneh
moved for a change of venue to Huron County, arguing that Huron
Medical could not be sued in Tuscola County because it did not
conduct business in that county. Pantig subsequently joined the
motion. The court, Joslyn Patrick Reed, J., denied the motion,
reasoning that Huron Medical had conducted business in Tuscola
County through two joint ventures located in Tuscola County and
that defendants had waived any objection to venue because the
motion was not timely under MCR 2.221. Huron Medical and
Oxholm-Dabaneh appealed by leave granted, and Pantig cross-
appealed.

The Court of Appeals *held*:

1. Under MCR 2.221(A), a motion for change of venue must be
filed before or at the time the defendant files an answer. The
circuit court erred by finding that the defendants' motion for
change of venue was untimely. In accordance with MCR 2.221(A),
Huron Medical and Oxholm-Dababneh appropriately filed their
answers to the complaint and their motion for change of venue on
the same day. Defendants did not waive their venue challenge by
failing to schedule the venue motion hearing in an expeditious
manner. The delay was mainly related to Pantig's initial removal
of the case to federal court and settlement efforts.

2. Under MCL 600.1621(a), venue is proper in the county in
which (1) a defendant resides, (2) a defendant has a place of

business, (3) a defendant conducts business, or (4) the registered office of a defendant corporation is located. In Michigan, a corporation is an entity distinct and separate from its owners even when it is owned by a single individual. For venue to be proper, there must be a true business connection between the defendant and the selected venue. Conducting business does not include the performance of acts merely incidental to the business in which the defendant is ordinarily engaged. Moreover, venue lies in the county where a defendant conducts its usual and customary business, and the activity must be of such a nature as to localize the business and make it an operation within the county. Huron Medical's registered office was in Huron County, which was where the hospital maintained a place of business and conducted its systematic and regular activities. Huron Medical did not conduct business in Tuscola County even though it had percentage interests through stock ownership in two Tuscola County-based medical enterprises, one a limited liability corporation and the other a nonprofit corporation. As a shareholder in these medical enterprises, Huron Medical was a corporate entity separate and distinct from them. There was no evidence that Huron Medical controlled the daily business affairs of the joint venture medical enterprises, and its stock ownership in those companies did not constitute "conducting business" within the meaning of MCL 600.1621(a). There was no true business connection between Huron Medical and Tuscola County because it neither owned nor operated any medical facility in that county, its solicitation of business for the separate medical entities did not amount to conducting business, and the business of those medical enterprises may not be attributed to Huron Medical.

Reversed and remanded.

1. VENUE — CORPORATIONS — CONDUCTING BUSINESS — TRUE BUSINESS CONNECTION.

Under MCL 600.1621(a), venue is proper in the county in which (1) a defendant resides, (2) a defendant has a place of business, (3) a defendant conducts business, or (4) the registered office of a defendant corporation is located; there must be a true business connection between the defendant and the selected venue in order for venue to be proper; for purposes of determining venue, conducting business does not include the performance of acts merely incidental to the business in which the defendant is ordinarily engaged; venue lies in the county where the defendant conducts its usual and customary business, and the activity must be of such a nature as to localize the business and make it an operation within the county.

2. VENUE — CORPORATIONS — CONDUCTING BUSINESS — SEPARATE ENTERPRISE.

In Michigan, a corporation is an entity distinct and separate from its owners even when it is owned by a single individual; under MCL 600.1621(a), ownership of a percentage interest in a separate enterprise, without more, does not qualify as "conducting business" for purposes of establishing venue; in the context of establishing venue, the conduct of a separate entity may not be attributed to another entity through its percentage ownership interest.

*Miller Canfield Paddock and Stone, PLC* (by *Carolyn Pollock Cary*), for Hills and Dales General Hospital.

*Rogers Mantese & Associates, P.C.* (by *Theresamarie Mantese, Rolf E. Lowe,* and *Gregory M. Nowakowski*), for Liberata J. Pantig.

*Smith Haughey Rice & Roegge* (by *Calvin Sterk* and *Brian J. Kilbane*) for Huron Medical Center and Avelina M. Oxholm-Dababneh.

Before: MARKEY, P.J., and SAAD and GLEICHER, JJ.

PER CURIAM. Hills and Dales General Hospital brought this action against the Huron Medical Center and two physicians, claiming that all three violated a covenant not to compete. Not surprisingly, Hills and Dales elected to file suit in Tuscola County, its home turf. The Huron Medical Center maintains its principal place of business in nearby Huron County and strenuously objected to the Tuscola County venue. The circuit court found that Huron Medical's partial ownership of two Tuscola County-based health-care businesses justified Hills and Dales' venue selection. We reverse and remand.

I

In 2007, Hills and Dales hired defendants Avelina M. Oxholm-Dababneh, D.O., and Liberata J. Pantig, M.D., "to

provide medical services in the field of Internal Medicine at the Hospital[.]" Both doctors signed employment agreements containing identical covenants not to compete. The covenant provided that "[i]n the event of separation from Hills & Dales General Hospital, Physician will not practice medicine within a 35-mile radius of Cass City, Michigan, unless this requirement is waived in writing by the hospital." In July 2009, Hills and Dales filed suit in Tuscola County against Oxholm-Dababneh, Pantig, and Huron Medical, averring that Huron Medical had recruited and employed Oxholm-Dababneh and Pantig in violation of the covenant.

In August 2009, Huron Medical and Oxholm-Dababneh timely answered the complaint and concomitantly filed a motion for change of venue to Huron County. A few days later, Pantig removed the matter to federal court, invoking federal-question jurisdiction. Hills and Dales moved to remand the case to the state court; Huron Medical and Oxholm-Dababneh joined in Pantig's removal petition. On October 26, 2009, Judge Thomas L. Ludington of the United States District Court for the Eastern District of Michigan granted Hills and Dales' remand motion.

When the case returned to the Tuscola Circuit Court, the parties spent several months fighting legal battles unconnected with venue. In January 2010, Hills and Dales finally responded to defendants' venue motion, and on May 3, 2010, the circuit court entertained oral argument concerning venue.[1] The parties focused their dispute on whether Huron Medical could be sued in Tuscola County.[2] In support of its venue selection, Hills

---

[1] On November 25, 2009, Pantig filed a notice that she joined and concurred with her codefendants' motion for change of venue.

[2] Oxholm-Dababneh and Pantig reside in Oakland and Lapeer counties, respectively, and no evidence suggests that either conducted business in Tuscola County at the time the suit was filed.

and Dales pointed out that Huron Medical "conducted business" in two "joint ventures" located in Tuscola County, Thumb MRI Center L.L.C. and Thumb Area Dialysis Center, a nonprofit corporation. Huron Medical countered that Thumb MRI and Thumb Area Dialysis "are separate legal entities" in which Huron Medical merely held stock. Huron Medical's counsel queried, "If stockholders could be dragged in for venue, do you hold any GM stock? Can you be sued in Wayne County? Do you hold any stock in Perrigo? Can you be sued in Allegan County? I think not."

In a written opinion and order, the circuit court denied the motion for change of venue, reasoning:

> Tuscola County is an appropriate venue since Huron Medical conducts business in Tuscola County. Huron Medical advertises in Tuscola County as well as provides medical care as part of Thumb MRI and Thumb Area Dialysis—both located in Tuscola County. Furthermore, the motion for change of venue is not timely under MCR 2.221. Defendants filed answers already and cannot claim that the motion is based on facts that could not with reasonable diligence have been known. Therefore Defendants have waived an objection to venue.

This Court granted Huron Medical and Oxholm-Dababneh's application for leave to appeal. *Hills & Dales Gen Hosp v Pantig*, unpublished order of the Court of Appeals, entered June 29, 2010 (Docket No. 298237). Pantig cross-appealed.

II

We first consider the timeliness of defendants' venue motion by reviewing de novo the circuit court's interpretation and application of the relevant court rule. *Estes v Titus*, 481 Mich 573, 578-579; 751 NW2d 493 (2008). MCR 2.221(A) provides, "A motion for change of

venue must be filed before or at the time the defendant files an answer." Huron Medical and Oxholm-Dababneh filed their motion to change venue on August 14, 2009, the same day they answered the complaint. We decline plaintiff's invitation to hold that defendants waived their venue challenge by failing to more expeditiously schedule the motion for hearing. The removal proceedings initiated by Pantig accounted for a substantial portion of the delay in obtaining a venue ruling from the circuit court. After the federal court remanded the case, unsuccessful settlement efforts consumed additional time. While we encourage early resolution of venue disputes, Huron Medical and Oxholm-Dababneh filed their motion with their answer, in accordance with MCR 2.221(A). Thus, the circuit court erred by finding defendants' change of venue motion untimely.

III

We now turn to the propriety of Tuscola County venue. We review for clear error a circuit court's decision to grant or deny a motion to change venue. *Shock Bros, Inc v Morbark Industries, Inc,* 411 Mich 696, 698-699; 311 NW2d 722 (1981). Clear error exists when some evidence supports the circuit court's finding, but a review of the entire record leaves this Court with the definite and firm conviction that the circuit court made a mistake. *Schadewald v Brulé,* 225 Mich App 26, 41; 570 NW2d 788 (1997).

The parties agree that MCL 600.1621(a) governs whether Hills and Dales selected a proper venue. The statute provides that venue is proper in "[t]he county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located." Huron Medical's registered office is situated in Huron County, where the

hospital maintains a place of business. Hills and Dales contends that Huron Medical's participation in two Tuscola County-based medical enterprises, the Thumb Area Dialysis Center and the Thumb MRI Center L.L.C., qualifies as "conducting business" in Tuscola County. Huron Medical owns an 8 percent interest in Thumb Area Dialysis and a 10 percent interest in Thumb MRI. According to its website, Thumb Area Dialysis "is a joint venture between Bay Regional Medical Center, Hills & Dales General Hospital, Huron Medical Center, MidMichigan Health and Scheurer Hospital." Several of the same hospitals also own shares in Thumb MRI.

Ascertaining proper venue in a case involving a natural person presents little difficulty. A person's residence is generally easy to establish, as are the locations of a person's business activities. But determining venue in an action against a corporation can be troublesome. As Justice Felix Frankfurter observed: "When the litigants are natural persons the conceptions underlying venue present relatively few problems in application. But in the case of corporate litigants these procedural problems are enmeshed in the wider intricacies touching the status of a corporation in our law." *Neirbo Co v Bethlehem Shipbuilding Corp, Ltd*, 308 US 165, 168; 60 S Ct 153; 84 L Ed 167 (1939).

A corporation is its own "person" under Michigan law, an entity distinct and separate from its owners, even when a single shareholder holds ownership of the entire corporation. *Jones v Martz & Meek Constr Co, Inc*, 362 Mich 451, 455; 107 NW2d 802 (1961); *Bourne v Muskegon Circuit Judge*, 327 Mich 175, 191; 41 NW2d 515 (1950); *Foodland Distrib v Al-Naimi*, 220 Mich App 453, 456; 559 NW2d 379 (1996). Michigan law presumes that parent and subsidiary corporations con-

stitute separate legal entities. *Seasword v Hilti, Inc (After Remand)*, 449 Mich 542, 547; 537 NW2d 221 (1995). Moreover, Michigan law does not recognize the existence of a "joint venture" or "joint enterprise" as a "distinct commercial business entity." *First Pub Corp v Parfet*, 468 Mich 101, 106-107; 658 NW2d 477 (2003). The rules respecting the corporate form apply equally to limited liability corporations. See *Florence Cement Co v Vettriano*, 292 Mich App 461; 468-469; 807 NW2d 917 (2011). Thus, Huron Medical, as a shareholder in the limited liability corporation of Thumb MRI and the nonprofit corporation of Thumb Area Dialysis, is a corporate entity separate and distinct from both clinics.

In essence, Hills and Dales asserts that we should pierce the corporate veil of the two Tuscola County clinics and impose on Huron Medical a form of "vicarious venue." No evidence suggests that Huron Medical controls the daily business affairs of the two Tuscola County clinics or that the clinics exist only as "alter egos" or "mere instrumentalities" of Huron Medical. *Id.* at 469; *Foodland Distrib*, 220 Mich App at 456-457. We discern no legal or factual basis for disregarding Huron Medical's separate corporate form and decline to impute to Huron Medical the business activities of the Tuscola County clinics. Moreover, we share the objection of Huron Medical's counsel to venue premised on shareholder status. Equating stock ownership with "conducting business" expands the statutory language beyond the plain meaning of the term. Although Huron Medical holds stock in two health facilities situated in Tuscola County, we hold that it conducts no business in Tuscola County and that the circuit court clearly erred by concluding otherwise.

Hills and Dales insists that it properly fixed venue in Tuscola County because Huron Medical's website

"takes credit" for the work of Thumb MRI and Thumb Area Dialysis. According to Hills and Dales, Huron Medical's participation in the two Tuscola County clinics demonstrates "real presence" in the county and evidences "systematic, continuous business dealings" sufficient to support venue. Hills and Dales premises its flawed argument on a line of cases decided by this Court that *limit* the reach of the language "conducting business" found in MCL 600.1621(a).

In *Saba v Gray*, 111 Mich App 304, 312-313; 314 NW2d 597 (1981), the Court examined whether a real estate agent assigned to sell property in Monroe County could be sued in Wayne County. The agent advertised in newspapers circulating in Wayne County and had received a single referral from Wayne County. *Id.* at 314. This Court determined that the defendant could not be "properly characterized as conducting business in Wayne County," explaining that "the purpose behind the venue statute [is] that an action should be instituted in a county in which the defendant has some real presence such as might be shown by systematic or continuous business dealings inside the county." *Id.* at 314-315.

Subsequently, this Court fleshed out *Saba*'s "systematic and continuous business dealings" standard. In *Pulcini v Doctor's Clinic, PC*, 158 Mich App 56; 404 NW2d 702 (1987), the plaintiff sued a physician and his professional corporation in Wayne County based solely on the physician's ability to admit patients to a Wayne County hospital, a privilege he had never actually exercised. Relying on *Saba*, this Court held the physician's professional contact with Wayne County inadequate to support that he conducted business there because the doctor lacked any " 'real presence' or systematic or continuous business dealings in Wayne

County." *Id.* at 59. The Court elaborated: "Conducting business does not include the performance of acts merely incidental to the business in which the defendant is ordinarily engaged." *Id.* In *Chiarini v John Deere Co*, 184 Mich App 735; 458 NW2d 668 (1990), the plaintiffs suffered snowblower-related injuries in Macomb County and sued the defendant snowblower distributor in Wayne County. The plaintiffs defended their selection of Wayne County venue by noting the presence of several independent dealers within Wayne County selling John Deere equipment and the defendant's contribution to the dealerships' advertising and insurance expenses. *Id.* at 737. In rejecting the plaintiffs' argument, this Court adopted a rule established by the Illinois Supreme Court in *Stambaugh v Int'l Harvester Co*, 102 Ill 2d 250; 464 NE2d 1011 (1984), that proper venue lies in the county where a defendant conducts "its usual and customary business . . . . The activity must be of such a nature as to localize the business and make it an operation within the county." *Chiarini*, 184 Mich App at 738. Applying *Stambaugh*, the Court found the John Deere Company's periodic visits and economic contributions to Wayne County snowblower dealerships insufficient to establish venue. *Id.* at 738-739.

We interpret this line of cases as requiring a true business connection between the defendant and the selected venue. Huron Medical, a full-service hospital, carries out its systematic and regular activities in Huron County. It neither owns nor operates any medical facility in Tuscola County. Huron Medical's solicitation of business for entirely separate entities in which it holds stock does not amount to conducting business. In *Chiarini*, this Court declined to treat the John Deere Company and independent John Deere dealers as a single business entity. We likewise reject that the business of the Tuscola County clinics may be attributed to

Huron Medical. As such, Huron Medical does not regularly or systematically conduct business in Tuscola County.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

MARKEY, P.J., and SAAD and GLEICHER, JJ., concurred.