FRANKFURTH v DETROIT MEDICAL CENTER

Docket No. 305500. Submitted May 8, 2012, at Detroit. Decided August 23, 2012, at 9:00 a.m.

Dianna R. Frankfurth, as personal representative of the estate of Matthew Frankfurth, deceased, brought an action in the Wayne Circuit Court against Detroit Medical Center, Harper-Hutzel Hospital, Randy Alan Lieberman, M.D., Heart Care, P.C., and Keith Atkinson, D.O. Defendants moved for a change of venue to Oakland County. The court, Amy P. Hathaway, J., granted the motion. Plaintiff moved for reconsideration, filing the motion in the Wayne Circuit Court. The court granted the motion for reconsideration, concluding that venue was proper in Wayne County. The Court of Appeals granted the application for leave to appeal by Detroit Medical Center, Harper-Hutzel Hospital, Lieberman, and Heart Care.

The Court of Appeals *held*:

Under MCL 600.1651, an action brought in a county not designated as a proper county may nevertheless be tried there, unless a defendant moves for a change of venue within the time and in the manner provided by court rule, in which case the court must transfer the action to a proper county on such conditions relative to expense and costs as provided by court rule and MCL 600.1653. The court for the county to which the transfer is made thereupon has full jurisdiction of the action as though the action had been originally commenced there. Under MCL 600.1653, the transferor court must impose certain expenses on the party who opposed the motion to change venue. MCL 600.1653 does not affect the operation of MCL 600.1651. Under MCR 2.223(B), the court is to order the change of venue at the plaintiff's expense, including reasonable attorney fees, and, if those expenses are not paid within a particular time, the action must be dismissed by the court to which it was transferred. This rule recognizes the difference between the essentially residual jurisdiction to evaluate the costs to be imposed for the transfer—reserved to the transferor court—and the jurisdiction to take any substantive action in the matter—belonging to the transferee court. Unless otherwise explicitly

specified, orders are effective when signed by the judge. Thus, a validly entered order for a change of venue divests the ordering court of its jurisdiction and transfers that jurisdiction to the designated venue when it is signed. Any subsequent motions in the case, including one for reconsideration of the order changing venue, must be made in the transferee court. Under MCR 2.119(F)(1), a specific period is provided within which a motion for rehearing or reconsideration must be served and filed. It would be sensible for courts to reserve jurisdiction over motions for rehearing or reconsideration of orders changing venue for the period specified by MCR 2.119(F), but the rule does not require that orders remain pending for any period or that motions for rehearing or reconsideration be heard by the court that originally decided the motion. In this case, the order changing venue contained no conditions that prevented it from taking effect when signed, and thus the Wayne Circuit Court no longer had jurisdiction when plaintiff moved for reconsideration. Under the circumstances, the court acted without jurisdiction and improperly granted reconsideration.

Reversed.

SAAD, J., concurred in the result only.

COURTS — VENUE — CHANGE OF VENUE — JURISDICTION — MOTIONS FOR REHEARING OR RECONSIDERATION.

A validly entered order for change of venue divests the ordering court of its jurisdiction and transfers that jurisdiction to the designated venue when it is signed; although the transferor court has residual jurisdiction to evaluate the costs to be imposed for the transfer, any subsequent motions in the case, including one for reconsideration of the order changing venue, must be made in the transferee court; a transferor court may, however, reserve jurisdiction over motions for rehearing or reconsideration of orders changing venue by making the transfer effective after the period specified by MCR 2.119(F) for filing and serving motions for rehearing or reconsideration (MCL 600.1651).

*Sommers Schwartz, P.C.* (by *Charles R. Ash, III,* and *Danielle C. Schoeny*), for Dianna R. Frankfurth.

*Corbet, Shaw, Essad, Tucciarone & Bonasso, PLLC* (by *Daniel R. Corbet* and *Joshua O. Booth*), for Detroit Medical Center, Harper-Hutzel Hospital, Randy A. Lieberman, M.D., and Heart Care, P.C.

Before: RONAYNE KRAUSE, P.J., and SAAD and BORRELLO, JJ.

RONAYNE KRAUSE, P.J. Defendants[1] appeal by leave granted the trial court's order granting plaintiff's motion for reconsideration of the trial court's order granting defendants' motion to change venue to Oakland County. Defendants contend that because the trial court had entered an order changing the venue, it lost jurisdiction to entertain any further proceedings, including a motion for reconsideration. We agree and reverse.

We review de novo whether a court has jurisdiction. *City of Riverview v Sibley Limestone*, 270 Mich App 627, 636; 716 NW2d 615 (2006). A jurisdictional challenge may be raised at any time. *Smith v Smith*, 218 Mich App 727, 729-730; 555 NW2d 271 (1996). We also review de novo questions of statutory interpretation. *Grimes v Mich Dep't of Transp*, 475 Mich 72, 76; 715 NW2d 275 (2006). "The main goal of judicial construction of a statute is to ascertain and to give effect to the intent of the Legislature." *Alvan Motor Freight, Inc v Dep't of Treasury*, 281 Mich App 35, 39; 761 NW2d 269 (2008) (citation and quotation marks omitted). We apply the same principles of interpretation to court rules as we do to statutes. *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). Accordingly, we begin by examining the language of the relevant statutes and court rules. See *id.* at 705.

We initially note that the leading case on point, and on which defendants rely, was decided before the "first-out rule," MCR 7.215(J)(1), and cited a subsequently amended statute. We therefore take heed of plaintiff's

---

[1] Because Keith Atkinson is not participating in this appeal, by "defendants" we refer only to Detroit Medical Center, Harper-Hutzel Hospital, Randy A. Lieberman, and Heart Care, P.C.

argument that it is not necessarily binding on us per se. However, we conclude that, as defendants argue, it is correct and the law would obligate us to follow its result in any event.

In *Saba v Gray*, 111 Mich App 304, 306-307; 314 NW2d 597 (1981), the defendant filed a motion to change venue from Wayne County to Monroe County; the trial court granted that motion and then entered an order over the plaintiff's objections. The plaintiff then moved for rehearing, which the trial court ultimately granted, concluding that venue was proper in Wayne County. *Id.* at 307. This Court observed that although the trial court had subject-matter jurisdiction over the kind of action at issue, the trial court did not have jurisdiction to exercise authority over a case pending in another circuit court. *Id.* at 308. This Court relied in part on MCL 600.1651, which, as it was then written,[2] provided:

> An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue within the time and in the manner provided by court rule, in which case the court shall transfer the action to a proper county on such conditions relative to expense and costs as may be provided by court rule. The court of the county to which the transfer is made shall thereupon have full jurisdiction of the action as though the action had been originally commenced therein.

This Court noted that although the trial court's clerk may not have entirely complied with the relevant court rule's procedural dictates concerning written objections to the proposed order, the relevant court rule's purpose was to ensure that an order comporting with the judge's decision was entered, and because the judge had executed and entered such an order, the order was valid. *Saba*, 111 Mich App at 310-311. Because the order was

[2] See 1961 PA 236.

validly entered, the Wayne Circuit Court lost jurisdiction and any subsequent motions had to be filed in the Monroe Circuit Court. *Id.* at 311-312. This Court observed that it would be possible for the transferor court to make an order granting a change of venue effective some reasonable number of days after entry, in which case it would retain jurisdiction to entertain a motion for rehearing or reconsideration during that period, but the trial court in *Saba* had not done so. *Id.* at 312.

Pursuant to 1986 PA 178, MCL 600.1651 now provides:

> An action brought in a county not designated as a proper county may nevertheless be tried therein, unless a defendant moves for a change of venue within the time and in the manner provided by court rule, in which case the court shall transfer the action to a proper county on such conditions relative to expense and costs as provided by court rule and section 1653. The court for the county to which the transfer is made shall have full jurisdiction of the action as though the action had been originally commenced therein.

The only change that is not obviously purely stylistic is that instead of transferring the action "on such conditions relative to expense and costs as may be provided by court rule," the transferring court must now do so "on such conditions relative to expense and costs as provided by court rule and section 1653."

Plaintiff argues that the new reference to MCL 600.1653 is significant. We disagree. Nothing in the amendment changes the fact that after the change of venue becomes effective, the transferee court has full jurisdiction of the action; consequently, the transferor court has none. Both versions of the statute explicitly reserve jurisdiction to the transferor court to impose "conditions relative to expense and costs." Under MCL 600.1653, in relevant part, the transferor court must impose certain expenses on the party who opposed the

motion after affording that party a hearing. MCL
600.1653 makes no reference, express or implied, to
jurisdiction, venue, or the relationship between a
court's duty to assess costs and jurisdiction. The new
reference to MCL 600.1653 is, in short, nothing more
than the identification of a particular provision pursu-
ant to which costs should be determined. Its addition to
MCL 600.1651 does not substantively change the opera-
tion of MCL 600.1651 itself.

Under GCR 1963, 404 when *Saba* was decided, and
presently under MCR 2.223(B), "the court" is to order
the change of venue at cost to the plaintiff, "which may
include reasonable compensation for the defendant's
expense, including reasonable attorney fees," and if
those expenses are not paid within a particular time,
the action is to "be dismissed by the court to which it
was transferred." The court rules, therefore, have at all
relevant times recognized there is a difference between
the essentially residual jurisdiction to evaluate the costs
to be imposed for the transfer—reserved to the transf-
eror court—and the jurisdiction to take any kind of
substantive action in the matter—belonging only to the
transferee court.

Under MCR 2.119(F)(1), a specific period[3] is now
provided within which "a motion for rehearing or
reconsideration of the decision on a motion must be
served and filed . . . ." MCR 2.119(F) was a new provi-
sion in 1985, but *Saba* indicates that motions for
rehearing were nevertheless available before that time;
and GCR 1963, 528[4] permitted judges to grant motions
for relief from orders made within a reasonable time,
and GCR 1963, 527[5] permitted judges to grant motions

---

[3] Twenty-one days as of the 2008 amendment of the court rule.

[4] Generally now incorporated into MCR 2.612.

[5] Generally now incorporated into MCR 2.611.

for new trials and amendment of judgments made within 20 days. More importantly, nothing in MCR 2.119(F), or any other past or present rule that we have found, suggests, or to the best of our research has ever been construed as suggesting, that it renders orders automatically ineffective until the expiration of some time period. Indeed, unless otherwise explicitly specified, orders are effective when signed by the judge. *Moriarity v Shields*, 260 Mich App 566, 570-571; 678 NW2d 642 (2004). Nothing in MCR 2.119(F) appears jurisdictional in nature. See *Bers v Bers*, 161 Mich App 457, 463; 411 NW2d 732 (1987).

A plain reading of MCR 2.119(F) provides a right to move for rehearing or reconsideration, but it does not reveal any requirement that orders remain pending for any period. We also find somewhat instructive this Court's analysis of MCR 2.227(B)(1), under which after the transfer of an action for lack of jurisdiction in the original court, "[t]he action proceeds in the court to which it is transferred as if it had been originally filed there." While applicable in a substantially different situation, this language is strikingly similar to the second sentence of MCL 600.1651. After a transfer under MCR 2.227, " 'the rulings of the original court become, in effect, the rulings of the new court.' " *Brooks v Mammo*, 254 Mich App 486, 497; 657 NW2d 793 (2002) (citations omitted). We think the same result must be achieved by the similar language of MCL 600.1651.

Moreover, neither the amendment to MCL 600.1651 nor any part of MCL 600.1653 in any way suggests that the Legislature was attempting to grant the trial court jurisdictional authority to decide substantive issues like a motion for reconsideration after a change of venue. In effect, that would be a grant of permission to one court to interfere in the rulings of another. Rather, MCL 600.1653

only reflects the Legislature's decision that a trial court can decide the issue of costs after granting the change of venue, and "courts may not speculate about an unstated purpose where the unambiguous text plainly reflects the intent of the Legislature." *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003) (citation and quotation marks omitted). We have found no statutes or other applicable court rules governing motions for reconsideration. The *Saba* Court's reading of the statute is the only reading that is rationally possible: once a transfer of venue is made, the transferee court has full jurisdiction over the action and, therefore, the transferor court has none.[6] Any motion for rehearing or reconsideration would have to be heard by whichever court has jurisdiction over the action at the time the motion is brought, which, after entry of an order changing venue, would be the transferee court.

We note it is possible that the transferee court may, out of deference to the transferor court or for some other reason, simply not entertain a motion to reconsider a decision made by the transferor court. However, in the event the transferee court denied a party the right to have its motion for reconsideration entertained, the transferee court would be immediately subject to superintending control by this Court. MCR 7.203(C)(1). Consequently, we are not concerned that a party will be absolutely unable to have its motion for reconsideration entertained.

---

[6] While legislative bill analyses are generally not favored as a way to gain insight into statutes, we note that 1986 PA 178 amended many statutory sections with the overall purpose of discouraging frivolous claims and defenses by awarding costs to prevailing parties. House Legislative Analysis, HB 5154, January 15, 1986. This supports our conclusion, which is based on a plain reading of the text of the statute, that the amendment to MCL 600.1651 was intended only to enhance the court's already extant obligation to evaluate and impose costs on the plaintiff in the event venue is transferred.

In summary, we believe that the *Saba* Court's analysis was correct and has not been affected by the subsequent amendment of MCL 600.1651. We note also that according to the trial court's register of actions, the entry for June 13, 2011, states "**Closed – Motion for Change of Venue Granted, Order to Follow** . . . ." On that same day, there is an entry reflecting the trial court's order granting the change of venue. Nothing in the change of venue order or the trial court record indicates that the change of venue would not take effect immediately or would not take effect until a decision about costs had been rendered. We do not doubt that this may prove to be a serious inconvenience, and so the better practice might be to make orders changing venue effective as of some reasonable time thereafter, as *Saba* suggested. *Saba*, 111 Mich App at 312. But because no such delayed effect was included in the order here, the change of venue had immediate effect, and the trial court was therefore immediately divested of any jurisdiction to entertain the motion for reconsideration or any other substantive issue other than the costs and expenses relative to the transfer.

We therefore need not consider defendants' alternative argument that the trial court abused its discretion by granting the motion for reconsideration.

Reversed.

BORRELLO, J., concurred with RONAYNE KRAUSE, P.J.

SAAD, J. (*concurring*). I concur in the result only.