# STATE OF MICHIGAN

# COURT OF APPEALS

JOANNE D. DAWLEY, individually and as personal representative of the ESTATE OF JAMES ARMOUR II,

       Plaintiff-Appellant,

v

RODNEY W. HALL,

       Defendant-Appellee.

FOR PUBLICATION
May 9, 2017
9:00 a.m.

No. 331800
Mason Circuit Court
LC No. 15-000189-NI

Before: BORRELLO, P.J., and WILDER and SWARTZLE, JJ.

SWARTZLE, J.

A limited liability company owns a business located in a Michigan county. A member of the limited liability company is active in the operation of the business during certain months of the year, but the member otherwise resides out-of-state. Are the facts of (1) membership and (2) active operation sufficient to establish that the member personally "conducts business" in the county for purposes of venue?

The short answer is *No*.

## I. BACKGROUND

In July 2013, defendant-appellee Rodney Hall and James Armour II were in a motor vehicle collision in Lake County. Police ticketed Hall for failing to yield at a stop sign. Armour was injured during the collision, and he subsequently died, allegedly as a result of the injuries. Armour's wife, plaintiff-appellant Joanne Dawley, sued Hall for various tort claims on her own behalf as well as on behalf of Armour's estate.

With respect to where to file the lawsuit, neither Dawley nor Hall was a resident of Lake County—Dawley resided in Wayne County with her husband and Hall resided in New Mexico. Apparently concluding that Hall neither had a place of business nor conducted business in a Michigan county, Dawley sued Hall in Wayne County under MCL 600.1621(b). Hall immediately moved to transfer venue to Lake County, as the site of the collision, or Mason County, purportedly where he conducted business on behalf of Barothy Lodge, a resort property in that county. Wayne Circuit Court transferred venue to Mason County.

-1-

The parties engaged in discovery after the lawsuit was transferred to Mason County. Information exchanged in discovery made clear that Hall did not personally own Barothy Lodge. Instead, the resort is owned by Hall Investments, LLC, a Michigan limited liability company, and Hall is a member of the company along with two brothers and six grandchildren. (The company also owns an aluminum factory in Hastings, Michigan.) Hall testified that he "runs" the resort during five to six months a year, but that the resort also has full-time managers who live and work there year round. When at the resort, Hall's normal daily routine is to check the mail at the office, to see if there are any "fires to put out," and to deal with any contractors on-site as well as "guest-related issues." When he got into the collision with Armour, Hall was returning from a musical festival that he attended on behalf of Barothy Lodge. Thus, the record shows that, while Hall did not personally own any part of Barothy Lodge, he was a member of the limited liability company that owned the resort and he was involved in the operations of the resort during part of the year.

Dawley moved to return the lawsuit to Wayne County, arguing that Hall did not conduct business in Mason County. (Dawley did not seek alternative relief via a transfer to Lake County.) Mason Circuit Court denied the motion, concluding that Hall's actions on behalf of Hall Investments, LLC constituted his conducting business within the county for purposes of MCL 600.1621(a). We granted Dawley's request for an interlocutory appeal, and Mason Circuit Court stayed the action pending our decision.

## II. ANALYSIS

### A.     Mason Circuit Court Had Jurisdiction on the Motion to Transfer

To clear the brush, we first address Hall's argument that Mason Circuit Court did not have jurisdiction to hear Dawley's motion to transfer. According to Hall, Dawley instead should have moved for reconsideration before Wayne Circuit Court of the original order transferring the lawsuit to Mason Circuit Court. The argument is without merit.

Once an action is transferred from one circuit court to another, the transferee court has "full jurisdiction of the action as though the action had been originally commenced therein," MCL 600.1651, and, as a consequence, "the transferor court has none," *Frankfurth v Detroit Med Ctr*, 297 Mich App 654, 658; 825 NW2d 353 (2012). "Any motion for rehearing or reconsideration would have to be heard by whichever court has jurisdiction over the action at the time the motion is brought, which, after entry of an order changing venue, would be the transferee court." *Id.* at 661.

While Hall mischaracterizes Dawley's motion as an "appeal" of the Wayne Circuit Court transfer order, we are not bound by such mischaracterization. Whether deemed a motion for reconsideration or an original motion, there is no doubt that Mason Circuit Court, as the transferee court, had jurisdiction to hear and rule on the motion.

We now take up the central issue of this appeal—whether Hall conducted business in Mason County.

### B.     Venue for Tort Actions

The Legislature has enacted statutes governing venue for various types of lawsuits. MCL 600.1629 covers venue for tort cases, and while there are various permutations set forth in section 1629, we and the parties agree that no county satisfies the first three criteria in subdivisions (1)(a)-(c). Accordingly, we look to subdivision (1)(d), which provides in relevant part, "a county that satisfies the criteria under section 1621 or 1627 is a county in which to file and try an action."

Looking first to MCL 600.1627, this section places venue in "the county in which all or a part of the cause of action arose." Here, this would seem to indicate that Lake County would be an appropriate venue to try the instant action. But, on Hall's motion, Wayne County Circuit transferred the action to Mason County, not Lake County, and in seeking to have the action transferred out of Mason County, neither party has asked to have the matter transferred to Lake County. Thus, unless there is no other county where venue is proper, it would appear that Lake County is out of the running.

Turning next to MCL 600.1621, this section sets forth the following priority for venue:

> (a) The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action.

> (b) If none of the defendants meet 1 or more of the criteria in subdivision (a), the county in which a plaintiff resides or has a place of business, or in which the registered office of a plaintiff corporation is located, is a proper county in which to commence and try an action.

Hall concedes that he does not reside in Michigan, and he does not argue on appeal that he has a place of business in Michigan. He does argue, however, that he personally "conducts business" in Michigan through his membership in the limited liability company that owns Barothy Lodge as well as his efforts in operating the resort. If Hall is correct, then venue would lie in Mason County under subdivision (a). If Hall is incorrect, then none of the criteria of subdivision (a) would be met, and venue would instead lie in Wayne County under subdivision (b).

C.      LLCs Under Michigan Law

To determine whether Hall is correct that he conducts business in Mason County, we must consider several standards governing Michigan limited liability companies. *First*, a limited liability company is a separate legal entity and "has all powers necessary or convenient to effect any purpose for which the company is formed." MCL 450.4210; see also MCL 450.1261; *Salem Springs, LLC v Salem Twp*, 312 Mich App 210, 223; 880 NW2d 793 (2015) (explaining "that the rules regarding corporate form apply equally to limited liability companies"). *Second*, ownership in a limited liability company is made up of one or more members. MCL 450.4102(p). *Third*, "[a] membership interest is personal property" and "[a] member has no interest in specific limited liability company property." MCL 450.4504(1),(2). *Fourth*, a person who is a member or manager of a limited liability company is not ordinarily liable "for the acts, debts, or obligations" of the company. MCL 450.4501(4). And *Fifth*, a manager of the limited liability company "is an agent" of the company. MCL 450.4406.

-3-

Applying these standards here, the following is clear: Hall Investments, LLC is a separate and distinct legal entity from that of its nine members, including Hall. Hall does not personally own Barothy Lodge; rather, Hall Investments, LLC is the owner of the resort. Nor does Hall own any of the property associated with Barothy Lodge; again, the property is owned by the limited liability company. Moreover, Hall's membership in the limited liability company does not give him any personal rights to or interests in Barothy Lodge, either as a business or as real property. And, while Hall enjoys protection from liability for the acts, debts, or obligations of Hall Investments, LLC, Dawley is suing Hall personally, not Hall in his capacity as a member or the limited liability company directly. Finally, as for his efforts at operating the resort, the most that can be said is that Hall was acting as a manager of the LLC's property and, as such, was an agent of the company under Michigan law. Given this—separate entity; no personal rights to or interests in the resort or its property; sued in his personal capacity; and acting as an agent—the question becomes whether his ownership in the company and his activities on behalf of the company constitute conducting business for purposes of venue in Mason County?

D.        Ownership and Agency Not Sufficient to Show that a Party "Conducts Business"

In *Hills & Dales General Hospital v Pantig*, 295 Mich App 14; 812 NW2d 793 (2011), this Court considered whether a medical center, organized as a limited liability company, conducted business in the county where it held limited liability membership interests in two healthcare clinics. The Court concluded that it did not. Like a corporation, a limited liability company "is its own 'person' under Michigan law, an entity distinct and separate from its owners," the Court explained. *Id.* at 20. "Equating stock ownership with 'conducting business' expands the statutory language beyond the plain meaning of the term." *Id.* at 21. Absent evidence that the two healthcare clinics were "mere instrumentalities" or "alter egos" of the defendant medical center, the Court refused to impose on the center a form of "vicarious venue." *Id.*

Hall maintains, however, that *Hills & Dales General Hospital* is not controlling because, according to him, the defendant medical center was "nothing more than a passive investor." There are several problems with this argument. First, the factual proposition is not accurate. The medical center in that case solicited business for the two clinics, as described in the opinion, but such activity did "not amount to conducting business" by the center. *Id.* at 23. Second and more importantly, even assuming that Hall was somehow more active in the operation of Barothy Lodge than the center was in soliciting business for the two clinics in *Hills & Dales General Hospital*, the record reflects that all of Hall's activities were taken as an agent on behalf of Hall Investments, LLC. Under Michigan law, the activities of an agent are ordinarily attributed to the principal and not to the agent himself. 1 Michigan Civil Jurisprudence (2009 revision), *Agency* § 7, p 211 ("Thus, an agent is a person who acts on behalf of another, particularly with regard to the conduct of business transactions."); see also *Farwell v May*, 437 Mich 953, 953-954; 467 NW2d 593 (1991) (holding that an individual defendant's employment in Oakland County was "an insufficient nexus to conclude that he 'conducts business' there" for purposes of venue); *Stephenson v Golden*, 279 Mich 710, 737; 276 NW 849 (1937) (stating that an agent generally does not "possess any individual interests" in a transaction involving the principal); *Salem Springs*, 312 Mich App at 221 (explaining that "[a] manager is considered an agent of the limited liability company for the purpose of its business" and holding that the manager was a separate and distinct entity for purposes of bringing suit). Applying

-4-

straightforward principal-agency principles, Hall's activities might show that he conducted business on behalf of *Hall Investments, LLC* in Mason County, but the activities do not show that Hall conducted business on *his own* behalf in that county.

To get past this straightforward application, Hall would have to establish that his activities on behalf of Hall Investments, LLC should instead be attributed to himself. And yet, Hall has never argued (nor provided any evidence) that we should pierce the corporate veil and find that Hall Investments, LLC was the mere instrumentality or alter ego of Hall. The closest he gets to this line is when he argued at one point that "Barothy Lodge was simply another name for Hall Investments, LLC." He fails, however, to provide any further explanation of why we should disregard the corporate form here, and, in fact, during oral argument, Hall's counsel specifically declined to make any argument that the corporate veil should be pierced. Absent argument and evidence supporting such veil-piercing, there is no legal alchemy that can transform Hall's activities on behalf of Hall Investments, LLC, into activities on behalf of himself for the purpose of venue.

### III. CONCLUSION

As explained above, Hall personally did not conduct business in Mason County and, as a result, MCL 600.1621(a) does not support venue in that county. Venue would be proper in Lake County under MCL 600.1627 or Wayne County under MCL 600.1621(b). The Legislature has not provided any priority between the two options, MCL 600.1629(1)(d), and a plaintiff's preferred forum should ordinarily be "accorded deference," *Radeljak v Daimlerchrysler Corp*, 475 Mich 598, 604; 719 NW2d 40 (2006). Accordingly, we reverse the Mason Circuit Court and remand to that court with orders to transfer the action to Wayne County. We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Kurtis T. Wilder

-5-