*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF JAMES ERWIN.

---

DOUGLAS W. TAYLOR, Personal Representative of the ESTATE OF JAMES ERWIN, JACQUELINE E. NASH, BILLY J. ERWIN, and DEMARKUS ERWIN,

UNPUBLISHED
March 7, 2019

Other Parties,

and

BEATRICE KING and L. FALLASHA ERWIN,

Appellants,

v

No. 331690
Saginaw Probate Court
LC No. 13-130558-DE

MAGGIE ERWIN and STACY ERWIN OAKES,

Appellees.

---

Before: BOONSTRA, P.J., and JANSEN and GADOLA, JJ.

PER CURIAM.

Appellants, Beatrice King and her attorney, L. Fallasha Erwin,[1] appeal as of right the probate court's order denying rehearing of its order awarding actual attorney fees to appellees, Maggie Erwin and Stacy Erwin Oakes, as sanctions under MCR 2.114(E), MCR 2.114(F), and MCR 2.625(A)(2). We remand for further proceedings.

---

[1] L. Fallasha Erwin, King's attorney, is also identified in the record as both the son and heir of the decedent, James Erwin.

## I.  FACTS

The underlying facts of this case are set forth in *In re Erwin Estate*, unpublished per curiam opinion of the Court of Appeals, issued May 10, 2016 (Docket Nos. 323387 & 329264), and also in *In re Erwin*, 503 Mich 1; 921 NW2d 308 (2018).  To summarize the facts relevant here, after the death of decedent James Erwin, Sr., his daughter by his first wife, appellant Beatrice King, was appointed as the estate's personal representative.  Thereafter, Beatrice asked the probate court to determine whether appellee Maggie Erwin, James' second wife, was a surviving spouse within the meaning of the Estates and Protected Individuals Code (EPIC), MCL 700.1101 *et seq.*, or was ineligible for that designation, having been "willfully absent" from James for more than one year before his death.  The probate court held that Maggie was the decedent's surviving spouse within the meaning of EPIC.  King appealed the order of the probate court to this Court, challenging the probate court's determination.

Meanwhile, Maggie filed a claim against the estate seeking reimbursement for funeral expenses, which the estate denied.  Maggie then petitioned the probate court to remove King as personal representative of the estate, asserting that King had mismanaged the estate, had failed to identify assets belonging to the estate, had failed to provide an annual accounting, and had served improper pleadings and discovery materials to drive up the costs of litigation.  Maggie also requested that the probate court order sanctions against King and her attorney.[2]

After a hearing on the petition, the probate court entered an order, dated May 28, 2015, removing King as personal representative.  The probate court also ordered that "Beatrice King and her attorney L. Fallasha Erwin shall pay the actual attorney fees incurred by counsel for Maggie Erwin and Stacy Erwin Oakes as sanctions for repeatedly filing pleadings . . . that do not comport with Michigan court rules, statutes, or law."

On June 18, 2015, King moved for rehearing of the May 28, 2015 order removing her as personal representative.  On July 21, 2015, Stacy filed a motion for payment of attorney fees in accordance with the probate court's May 28, 2015 order for sanctions.  At the hearing on Stacy's motion held August 13, 2015, King argued that the motion for attorney fees had been filed prematurely because the May 28, 2015 order was not effective in light of her subsequently filed motion for rehearing.  King also challenged the amount of the requested attorney fees as unreasonable.

The probate court denied King's motion for rehearing of the May 28, 2015 order by order dated August 26, 2015.  King thereafter appealed that order of the probate court to this Court, challenging her removal as personal representative.  This Court consolidated the two appeals filed by King,[3] and thereafter affirmed the holding of the probate court that Maggie is the decedent's surviving spouse under EPIC, and also held that the probate court did not abuse its

---

[2] Appellee Stacy Erwin Oakes filed a brief in support of Maggie's petition.

[3] *In re Erwin Estate*, unpublished order of the Court of Appeals, entered October 28, 2015 (Docket Nos. 323387 & 329264).

discretion by removing King as personal representative. See *In re Erwin Estate*, unpub op at 5-6. Our Supreme Court thereafter affirmed this Court's determination that Maggie is a surviving spouse for purposes of EPIC. *In re Erwin*, 503 Mich at 28.

Meanwhile, on October 16, 2015, the probate court entered an order for payment of attorney fees under MCR 2.114(E), MCR 2.114(F), and MCR 2.625(A)(2), finding the amount requested as attorney fees to be appropriate and reasonable. By order dated February 3, 2016, the probate court denied King's motion for rehearing of the October 16, 2015 order. King and her attorney now appeal the February 3, 2016 order to this Court.

## II. DISCUSSION

Appellants first contend that the probate court lacked jurisdiction to consider the motion for attorney fees, arguing that the motion was filed prematurely in light of the requirements of MCR 2.614(A). We disagree that the probate court's order granting attorney fees in this case was rendered invalid by the provisions of MCR 2.614.

Unless otherwise specified, a trial court's order is effective when signed by the trial court judge. *Frankfurth v Detroit Med Ctr*, 297 Mich App 654, 660; 825 NW2d 353 (2012); *Moriarty v Shields*, 260 Mich App 566, 570-571; 678 NW2d 642 (2004). However, MCR 2.614(A)(1) provides that the enforcement of a judgment is stayed for 21 days after it is entered. If a timely motion for rehearing is filed, execution of the judgment, and proceedings for the enforcement of the judgment, are stayed until 21 days after the motion for rehearing is decided, unless the trial court orders otherwise on motion for good cause. Specifically, that court rule provides, in relevant part:

> (1) Except as provided in this rule, execution may not issue on a judgment and proceedings may not be taken for its enforcement until 21 days after a final judgment (as defined in MCR 7.202[6]) is entered in the case. If a motion for new trial, a motion for rehearing or reconsideration, or motion for other relief from judgment is filed and served within 21 days after entry of the judgment or within further time the trial court has allowed for good cause during that 21-day period, execution may not issue on the judgment and proceedings may not be taken for its enforcement until the expiration of 21 days after the entry of the order deciding the motion, unless otherwise ordered by the court on motion for good cause. . . . [MCR 2.614(A)(1).]

The purpose of the stay of enforcement provided by MCR 2.614(A) is to preserve the status quo while permitting a party opportunity to appeal the judgment, or to otherwise seek post-judgment relief. *In re Contempt of Calcutt*, 184 Mich App 749, 755; 458 NW2d 919 (1990). In this case, the probate court granted Maggie's petition to remove King as personal representative and for sanctions by order dated May 28, 2015. King moved for rehearing of that order on June 18, 2015. On July 21, 2015, Stacy filed a motion for payment of attorney fees pursuant to the award of sanctions authorized by the May 28, 2015 order. The probate court held a hearing on the motion for attorney fees on August 13, 2015. By order dated August 26, 2015, the probate court denied King's motion for rehearing of the May 28, 2015 order. The probate court thereafter granted Stacey's motion for attorney fees by order dated October 16, 2015.

Thus, although the motion for attorney fees was filed, and the hearing on that motion was held, before the probate court's August 26, 2015 order denying rehearing was issued, the probate court did not grant the motion for attorney fees until October 16, 2015, providing the parties far longer than 21 days after the motion for rehearing was decided before issuing the order for attorney fees. Because the order for attorney fees was not issued until October 16, 2015, the status quo was preserved during the period in which appellants were provided an opportunity to, and in fact did, pursue post-judgment relief. We therefore find that the probate court's order awarding attorney fees in this case was not nullified by MCR 2.614, though the motion seeking that award was filed before the motion for rehearing was denied. We further note that under MCR 2.614(A)(1), the probate court had it within its authority, upon motion for good cause shown, to alter the 21-day period articulated by the court rule. See MCR 2.614(A)(1).

Appellants next contend that the probate court failed to identify any pleadings to support its finding that appellants repeatedly filed "pleadings that do not comport with the Michigan court rules, statutes or law." They also contend that the amount of the sanctions awarded was unreasonable. We agree that the record is insufficient to support review of these actions.

The probate court imposed sanctions upon appellants under former MCR 2.114(E),[4] MCR 2.114(F), and under MCR 2.625. We review a trial court's decision to impose sanctions under former MCR 2.114, including a finding of frivolousness, for clear error. *Bronson Health Care Group, Inc v Titan Ins Co*, 314 Mich App 577, 585; 887 NW2d 205 (2016). We find a decision to be clearly erroneous where, although there is evidence to support it, we are left with a definite and firm conviction that the trial court has made a mistake. *Kitchen v Kitchen*, 465 Mich 654, 661-662; 641 NW2d 245 (2002).

MCR 2.625 permits a trial court to impose costs upon a party if the court finds that the party's action or defense was frivolous. Under former MCR 2.114, a court was empowered to assess costs and attorney fees against a party as a sanction for filing an unfounded pleading or bringing a frivolous claim, the purpose being to deter attorneys and parties from advancing frivolous claims. See *FMB-First Mich Bank v Bailey*, 232 Mich App 711, 719; 591 NW2d 676 (1999). Before imposing sanctions under MCR 2.114(E), however, a trial court was required to first find that an attorney or party had signed a pleading in violation of MCR 2.114(A)-(D) based upon the facts of that case. *In re Stafford*, 200 Mich App 41, 42; 503 NW2d 678 (1993). Similarly, whether a claim is frivolous under former MCR 2.114(F) depends on the facts of the particular case. *Kitchen*, 465 Mich at 662.

Here, the probate court's October 16, 2015 order awarded attorney fees based upon its earlier order awarding sanctions under MCR 2.114(E), MCR 2.114(F), and MCR 2.625. The probate court, however, did not identify the documents that it found to have been signed in violation of MCR 2.114, nor did the court identify what specific claims or defenses pleaded by King or her attorney were frivolous. Any inquiry into whether the requirements of MCR

---

[4] MCR 2.114 was repealed, effective September 1, 2018, but was in effect at the times relevant to this case. The language previously found in MCR 2.114(D) through (F) has been retained at MCR 1.109(E).

2.114(A) - (D) were violated requires that the court make findings of fact. See *Contel Sys Corp v Gores*, 183 Mich App 706, 711; 455 NW2d 398 (1990). Consequently, we remand for further findings of fact regarding the specific conduct that ostensibly violated MCR 2.114(A) - (D), the documents signed in violation of the rule, and an explanation of how the court's findings support an award of sanctions.

The record before this Court is similarly inadequate to permit our review of the amount of attorney fees awarded by the probate court. Generally, when a party contests requested attorney fees, the trial court is obligated to conduct a hearing to determine what services were rendered and the reasonableness of the services. *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005). However, when a trial court has before it evidence sufficient to determine the amount of attorney fees and costs, it is not required to hold an evidentiary hearing. *Cassidy v Cassidy*, 318 Mich App 463, 488; 899 NW2d 65 (2017); *John J Fannon Co v Fannon Prod, LLC*, 269 Mich App 162, 171; 712 NW2d 731 (2006). On remand in this case, if the probate court determines that appellants' conduct warrants an award of attorney fees, the probate court shall determine what services were rendered and the reasonableness of those services. If the record is insufficient for the probate court to make those determinations, the probate court shall hold an evidentiary hearing to allow it to do so.

Remanded for further proceedings consistent with this opinion. The trial court shall have 63 days from the date of the Clerk's certification of this order to supplement its opinion on remand and transmit a copy of its supplemental order to this Court. We retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Kathleen Jansen
/s/ Michael F. Gadola

# Court of Appeals, State of Michigan

# ORDER

Mark T. Boonstra
Presiding Judge

In re Estate of James Erwin

Kathleen Jansen

Docket No.    331690

LC No.        13-130558-DE

Michael F. Gadola
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court.  We retain jurisdiction.

As stated in the accompanying opinion, the trial court shall have 63 days from the Clerk's certification of this order to supplement its opinion on remand and transmit a copy of its supplemental order to this Court.  The proceedings on remand are limited to this issue.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

/s/ Mark T. Boonstra

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 7, 2019
Date

Chief Clerk