*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN PLUMBING, SEWER, AND DRAIN
CLEANING, INC.,

UNPUBLISHED
September 17, 2020

       Plaintiff-Appellant,

v

No. 347514
Eaton Circuit Court
LC No. 18-001193-CK

NIKOLAS HEIN,

       Defendant-Appellee.

Before: CAVANAGH, P.J., and BORRELLO and TUKEL, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] the trial court's order granting defendant's motion for change of venue. Plaintiff argues that venue is proper in Eaton County, but the trial court disagreed and found that venue was proper in Ingham County. This appeal is being decided without oral argument pursuant to MCR 7.214(E)(1). We affirm.

## I. UNDERLYING FACTS

Defendant was employed by plaintiff as a plumber, and he signed a noncompete and nondisclosure agreement in connection with this employment. Defendant eventually resigned and was subsequently employed by one of plaintiff's competitors. Plaintiff then filed a complaint in Eaton County, seeking to enforce the noncompete and nondisclosure agreement. Defendant is a resident of Ingham County, and his only business activity in Eaton County is his work for his current employer. Defendant moved for a change of venue from Eaton County to Ingham County, and the circuit court granted defendant's motion. This appeal followed.

---

[1] *Mich Plumbing Sewer & Drain Cleaning, Inc v Hein*, unpublished order of the Court of Appeals, entered August 21, 2019 (Docket No. 347514).

## II. ANALYSIS

Plaintiff argues that because defendant's employer has a systematic and continuous presence in Eaton County, and because defendant services his employer's customers in Eaton County, defendant should be deemed to "conduct business" in Eaton County, thereby establishing proper venue there. We disagree.

"We review for clear error a circuit court's decision to grant or deny a motion to change venue." *Hills & Dales Gen Hosp v Pantig*, 295 Mich App 14, 19; 812 NW2d 793 (2011). "Clear error exists when some evidence supports the circuit court's finding, but a review of the entire record leaves this Court with the definite and firm conviction that the circuit court made a mistake." *Id*.

Venue establishes the location of trial court proceedings. "[P]laintiffs carry the burden of establishing the propriety of their venue choice, and the resolution of a venue dispute generally occurs before meaningful discovery has occurred." *Gross v Gen Motors Corp*, 448 Mich 147, 155-156; 528 NW2d 707 (1995). "Venue is controlled by statute in Michigan." *Omne Fin, Inc v Shacks, Inc*, 460 Mich 305, 309; 596 NW2d 591 (1999). In relevant part, MCL 600.1621(a), the venue statute applicable to this case, provides that venue is proper in "[t]he county in which a defendant resides, has a place of business, or conducts business."

"Ascertaining proper venue in a case involving a natural person presents little difficulty. A person's residence is generally easy to establish, as are the locations of a person's business activities." *Hills & Dales Gen Hosp*, 295 Mich App at 22. Because defendant is not a resident of Eaton County, and does not have a place of business there, the sole issue on appeal is whether defendant "conducts business" in Eaton County. The phrase "conducts business" is not defined in the statute. See MCL 600.1621. When considering venue related to defendants who are businesses this Court has held that "venue is appropriate where a defendant has systematic and continuous dealings inside the county or conducts its 'usual and customary business' within the county, or where a defendant has a place of business or has its registered office." *Miller v Allied Signal, Inc*, 235 Mich App 710, 719; 599 NW2d 110 (1999) (citation omitted). Similarly, "[a] company conducts business in a county for venue purposes if the company has some real presence such as might be shown by systematic or continuous business dealings inside that county." *Schultz v Silver Lake Transp, Inc*, 207 Mich App 267, 271-272; 523 NW2d 895 (1994). "Conducting business does not include the performance of acts merely incidental to the business in which the defendant is ordinarily engaged." *Hills & Dales Gen Hosp*, 295 Mich App at 23.

As such, it would appear that venue is proper when an employee has "systematic or continuous business dealings" in a county on behalf of his or her employer. But in *Farwell v May*, 437 Mich 953, 953-954; 467 NW2d 593 (1991)[2] our Supreme Court concluded otherwise when

---

[2] Orders from our Supreme Court are binding if they are a final disposition of an application containing a concise statement of the applicable facts and the reason for the decision. See *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012).

interpreting MCL 600.1629. That statute addresses a defendant who "conducts business" in a county, language which is identical in the relevant respect to that of MCL 600.1621.[3] In *Farwell*, the defendant was an individual, not a business, and our Supreme Court held that the defendant's "employment in Oakland County is an insufficient nexus to conclude that he 'conducts business' there" and, therefore, venue was not proper in Oakland County. *Id*. at 953. MCL 600.1621 and MCL 600.1629 both address venue and, therefore, should be read *in pari materia*. See *SBC Health Midwest, Inc v City of Kentwood*, 500 Mich 65, 74 n 26; 894 NW2d 535 (2017) (citation and quotation marks omitted) ("*In pari materia* (or the related-statutes canon) provides that laws dealing with the same subject . . . should if possible be interpreted harmoniously."). As such, consistently with our Supreme Court's holding in *Farwell*, we hold that plaintiff cannot establish venue in Eaton County based solely on defendant's employment that occasionally results in his working there.

Indeed, this holding is consistent with the rule that "an agent may work on behalf of a principal within the scope of the agency agreement as if the agent had stepped into the shoes of the principal without incurring any personal liability." *Uniprop, Inc v Morganroth*, 260 Mich App 442, 447; 678 NW2d 638 (2004) (citation and quotation marks omitted).[4] Thus, when defendant worked on plumbing jobs in Eaton County, he did so as if he "had stepped into the shoes of" his employer. Additionally, it would be an odd rule indeed that shields an agent from personal liability for actions taken on behalf of the principal but which would satisfy the requirements for venue. Thus, the trial court correctly determined that Eaton County was not the proper venue in this case because defendant's only current connection to Eaton County arose through the course of his employment.

---

[3] MCL 600.1621(a) provides: "The county in which a defendant resides, has a place of business, or conducts business, or in which the registered office of a defendant corporation is located, is a proper county in which to commence and try an action." Similarly, MCL 600.1629(1)(a)(*i*) provides that venue is proper in a tort action in the county in which "[t]he defendant resides, has a place of business, or conducts business." Thus, both statutes have the same "conducts business" language as one basis for establishing venue.

[4] Defendant is undoubtedly an agent of his employer; defendant is paid by his employer and performs plumbing services on his employer's behalf for customers. See *St Clair Intermediate Sch Dist v Intermediate Ed Assn/Mich Ed Ass'n*, 458 Mich 540, 557-558; 581 NW2d 707 (1998) (citation and quotation marks omitted) ("[T]he characteristic of the agent is that he is a business representative. His function is to bring about, modify, affect, accept performance of, or terminate contractual obligations between his principal and third persons.").

## III. CONCLUSION

For the reasons stated, the trial court's order granting defendant's motion to change venue is affirmed. Defendant, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Mark J. Cavanagh
/s/ Stephen L. Borrello
/s/ Jonathan Tukel